IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-ED4
2002 AUG -1 PM 3:53

CLERK
U.S. DISTRICT COURT

ALEJANDRA SANCHEZ individually,    )
ALEJANDRA VAZQUEZ individually,    )
and VIRGILIO VELEZ individually,   )
and on behalf of a class of employees )
similarly situated and ALEJANDRA   )
SANCHEZ, ALEJANDRA VAZQUEZ,        )
and VIRGILIO VELEZ all individually )
as to Count III and IV,            )
                                   )
                  Plaintiffs,      )
                                   )
        v.                         )
                                   )
STAMPEDE MEAT, INC.,               )
an Illinois corporation, and       )
EDWARD LIGAS, individually,        )
                                   )
                  Defendants.      )

DOCKETED
AUG 0 2 2002

JUDGE NORDBERG

02C 5452

MAGISTRATE JUDGE MASON

Case No. _____

DOCKETED
AUG 0 2 2002

## NOTICE OF REMOVAL

Stampede Meat, Inc. and Edward Ligas, through their attorneys, hereby submit their Notice of Removal and state as follows:

1.    On or about July 8, 2002, Stampede Meat, Inc. ("Stampede") received a copy of a complaint for a civil action filed in the Circuit Court of Cook County, Illinois, Case No. 02 CH 12303 ("State Court Action").

2.    This Notice of Removal is filed in the United States District Court for the Northern District of Illinois within the time permitted for removal of civil actions. *See* 28 U.S.C. § 1446(b). The documents attached as Exhibit A constitute all of the process and pleadings served in this action to date. *See* 28 U.S.C. § 1446(a).

3.     The United States District Court for the Northern District of Illinois is the district court having jurisdiction over the place where the State Court Action is pending.

4.     The Plaintiffs' Complaint in the State Court Action alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.*

5.     Based on the Plaintiffs' Complaint in the State Court Action, the district courts of the United States have original jurisdiction over this action on the grounds that the claim arises under the laws of the United States. *See* 28 U.S.C. § 1441(b).

6.     A copy of this Notice of Removal was simultaneously filed with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, STAMPEDE MEAT, INC. and EDWARD LIGAS hereby remove this action to the United States District Court for the Northern District of Illinois.

Dated: August 1, 2002

Respectfully submitted,

STAMPEDE MEAT, INC. and
EDWARD LIGAS

By: _____
One of their Attorneys

Michael E. Barry
Alan S. King
John T. Roache
Jamie M. Haberichter
Gardner, Carton & Douglas
321 N. Clark Street
Suite 3400
Chicago, IL  60610-4795
312-644-3000
Firm I.D. No. 90304

## CERTIFICATE OF SERVICE

I, Jamie M. Haberichter, an attorney in the law firm of Gardner, Carton & Douglas, certify that I caused a copy of the Notice of Removal to be sent:

*via* messenger to

Jac A. Cotiguala
Jac A. Cotiguala & Associates
30 N. LaSalle St., Suite 1724
Chicago, IL 60604

and *via* U.S. mail to

Caffarelli & Siegel, Ltd.
205 W. Wacker Dr., Suite 500
Chicago, IL 60606

on this 1st day of August, 2002.

Jamie M. Haberichter

CH02/22199938.1

# EXHIBIT A

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ALEJANDRA SANCHEZ individually,<br>ALEJANDRA VAZQUEZ individually,<br>and  VIRGILIO VELEZ individually,<br>and on behalf of a class of employees<br>similarly situated and ALEJANDRA<br>SANCHEZ, ALEJANDRA VAZQUEZ,<br>and VIRGILIO VELEZ  all individually<br>as to Count III and IV, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| STAMPEDE MEAT, INC.,<br>an Illinois corporation,  and<br>EDWARD LIGAS, individually, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

020H12303

Case No.

## CLASS ACTION COMPLAINT IN CHANCERY FOR INJUNCTION, ACCOUNTING AND JUDGMENT FOR BACK OVERTIME WAGES

NOW COME  the plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA

VAZQUEZ, and VIRGILIO VELEZ, pursuant to 735 ILCS 5/2-801 *et seq.* class actions;

820 ILCS 115/1 *et seq.*, commonly known as the Wage Payment and Collection Act; 820

ILCS 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Act; and 29

U.S.C.§ 200 *et seq.*, commonly known as the Fair Labor Standards Act, by and through

their attorneys, JAC A. COTIGUALA & ASSOCIATES, and CAFFARELLI & SIEGEL

Ltd. and in support of their complaint, state as follows:

## COUNT I – ILLINOIS MINIMUM WAGE ACT

1.     That the plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ individually and as class representatives of the class they wish to represent are hourly paid employees who are due, and who have not been paid for all hours worked including overtime wages under the maximum hours provisions of the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* from June 1, 1998 to the present.

2.     That each of the plaintiffs was, or still is, employed by STAMPEDE MEAT, INC. ("STAMPEDE"), a corporation duly organized and existing under the laws of the State of Illinois.

3.     That defendant, STAMPEDE, is subject to the provisions of said laws and is an employer within the meaning of the Illinois Minimum Wage Act, and maintains its registered office in the County of Cook at 321 N. Clark St., Suite 3400, Chicago, Illinois.

4.     On information and belief, plaintiffs claim that the plants of STAMPEDE are also in Chicago, Illinois.

5.     That defendant, EDWARD LIGAS ("LIGAS"), is an employer of plaintiffs within the meaning of the Illinois Minimum Wage Act in that among many other things he controls how many hours plaintiffs worked, whether plaintiffs were paid for all hours worked and whether they were paid time and one-half their regular rate of pay for hours worked in excess of forty (40) in a week.

6.     All of the Plaintiffs reside in Chicago, Illinois.

7.     Defendants are in the business of meat cutting in Chicago, Illinois.

8.     Plaintiffs are not paid for all time worked including the donning and doffing of required safety equipment and work clothes and the time associated with

obtaining said equipment in the morning, cleaning it at night and returning it. In the morning plaintiffs wait in line to obtain the safety equipment and work clothes from the company. Upon receiving said equipment they put it on and then wait in line to punch in. Converse at the end of their recognized work period they punch out and then proceed to take off the supplied equipment and work clothes, wash off the safety equipment, and return the safety equipment and soiled work clothes. All of this work is performed either before punching in or after punching out. Thus although the described activities are integral and indispensable part of the principal work activities for which plaintiffs are employed it is uncompensated by defendants.

9.      This uncompensated work is known to defendants because the practices to not perform this work during punched-in hours were established by defendants.

10.      Plaintiffs are not paid for all work time recognized by defendants in that defendants pay in 15 minute increments, however, they only round to the benefit of the employer and detriment of the employee beyond a three minute window. If an employee punches in within 3 minutes or less after the start of the work shift they will be paid from the start, however, punching the time-clock beyond 3 minutes results in pay commencing at the next 15 minute time-period thus working 11 minutes 59 seconds to 7 minutes 31 seconds without pay where rounding would result in pay to the employee. Conversely at the end of the shift punching out before 3 minutes or less in the 15 minute time-period remains results in not being paid for work in the amount of the 11 minutes 59 seconds to 7 minutes 31 seconds that equal rounding would result in pay.

11.      Defendant, LIGAS, failed to make the company change its methods and pay for all hours worked and time and one-half for all hours worked over 40 in a week

3

and for the improper rounding although he was aware of these practices and had the authority to change them.

12.     That the plaintiffs and the class they represent for the work described in paragraphs 8 and 10 above were not paid anything for this described work.

13.     That, the individual plaintiffs, represent all employees who have not been paid for all hours worked and for overtime at the required time and one-half rate from June 1, 1999 through and including the present, under the provisions of the Illinois Minimum Wage Act during the time period of the class.

14.     That the Court should certify this suit as a class action and determine the rights of the parties as to the individual plaintiffs and as to the class back pay, any damages due pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 205/2; the Court should direct the defendants to account for all of said back wages, penalties and prejudgment interest thereon, due the plaintiffs and the class they represent; and the Court should order defendants to comply with the Illinois Minimum Wage Act in the future.

15.     That this suit is brought pursuant to 735 ILCS 5/2-801 as a class action because the class or subclasses of plaintiffs is so numerous that joinder of all members is impracticable. It is further impracticable, at this time, to discover the numerous members of the class similarly situated to the plaintiffs, or to join said members as parties to this suit, however, Plaintiff believes that the number of similarly situated employees is in the hundreds. Plaintiffs, therefore, bring this action on their own behalf as aggrieved employees, and in their representative capacity as aggrieved employees, against the defendants. All class plaintiffs and the individual plaintiffs are equally affected by the

4

alleged failure to pay for all hours worked and the overtime pay violations of the defendants and their failure to pay overtime wages; and the relief sought is for the benefit of the individual plaintiffs, and the class they represent, and against the defendants.

16.    That the issues involved in this cause present common questions of law and fact; and these common questions of law or fact predominate over the variations which may exist between members of the class and subclasses, if any. The individual plaintiffs and defendants, and the class plaintiffs and defendants, have a commonality of interest in the subject matter and remedy sought, to wit, back pay plus penalties, interest, attorney fees and cost of the lawsuit. The individual plaintiffs believe and assert that they are able fairly and adequately to represent and to protect the interest of the class. If individual actions were required to be brought by each of the class plaintiffs injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual plaintiffs and to the Court, as well as to the defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

17.    That the books and records of the defendant STAMPEDE are material to the plaintiffs' case as they disclose the hours worked by each employee and what each employee was paid for that work.

18.    That all current employees are injured by defendants' failure to comply with the Illinois Minimum Wage Act and will continue to be in the future until defendants are required to comply with the law now and into the future.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELZ, individually and as class representatives of the class, ask the Court to determine that this action should proceed as a class action, certify the class described herein, and enter judgment in their favor, and against defendants both jointly and severally, for the following relief:

A.   For a judgment for all back wages due, as provided by the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*;

B.   That defendants be ordered to comply with the Illinois Minimum Wage Act in the future;

C.   For prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages under the Illinois Minimum Wage Act, 820 IL CS 105/12;

D.   For reasonable attorneys fees and costs of this action as provided by the Illinois Minimum Wage Act, 820 ILCS 105/12;

E.   That this Court determine the rights of the parties and direct the defendants to account for all hours worked and wages paid to the class members during the temporality of the class; and

F.   For such other and further relief as the Court may deem just and equitable.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

This cause of action arises out of the identical nucleus of operative facts as does Count I.

1.    Plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ individually and as class representatives of the class they wish to represent incorporate herein and re-allege each and every allegation of Count I as though fully set forth herein.

2.    At any and all times relevant hereto, at defendants' request, plaintiffs and the class they represent performed labor services for defendants.

3.    Defendants promised to pay plaintiffs and the class they represent for said labor at hourly rates which varied during the relevant time period, and pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, plaintiffs are entitled to be paid their wages for hours worked but not recognized by defendants as compensable time.

4.    Defendants have failed, neglected or refused to pay plaintiffs for all their wages during the period from June 1, 1999 to the present, pursuant to 820 ILCS 115/4 and 5; and, as a direct and proximate result thereof, co-plaintiffs have been damaged in a currently unknown amount.

## PRAYER FOR RELIEF

WHEREFORE plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ individually, and as representatives of the class ask the Court determine that this action should proceed as a class action certify the class described

herein and enter judgment in their favor, and against defendants both jointly and morally for the following relief:

A.      To order defendants to make an accounting of all the hours worked and wages paid to the plaintiffs and to each and every class member they represent for the period June 1, 1999 to the present;

B.      Order defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C.      To enter judgment in favor of the plaintiff and the class they represent, and against each of the defendants both jointly and severally for the back wages due, plus prejudgment interest at the statutory rate pursuant to 815 ILCS 205/2; and

D.      Such other and further relief as may be just in law and in equity.

## COUNT III – FEDERAL LAW/FAIR LABOR STANDARDS ACT

NOW COME the plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ all individually, and complaining of the defendants pursuant to 29 U.S.C.§201 *et seq.*, commonly known as the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter, "FLSA"), allege:

1.      They repeat and re-allege each and every allegation of Counts I and II as though fully set forth herein.

2.      At any and all times relevant hereto, defendant, STAMPEDE was, and still is, an "enterprise" and an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the Act, 29 U.S.C. §203 (r) and (s).

3.     At any and all times relevant hereto, defendants STAMPEDE and LIGAS are each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. §203(d).

4.     At any and all times relevant hereto, each plaintiff was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. §203(e).

5.     Between June 1, 1999 and the present, plaintiffs were not paid for all hours worked and their wages at the rate of one and one-half their regular rate for all hours worked in excess of 40 during certain work weeks in which they worked, in violation of the minimum wage and maximum hours provisions of the FLSA, to wit, 29 U.S.C. §§206 and 207(a).

6.     As a direct and proximate result thereof, there is due to plaintiffs back wages and liquidated damages, pursuant to 29 U.S.C. §216.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA and VAZQUEZ, VIRGILIO VELEZ all individually, ask the Court to enter judgment in their favor, and against all the defendants both jointly and severally for the following relief:

A.     For a judgment for all back wages due from June 1, 2000 to the present, prejudgment interest in accordance with established federal case law and 815 ILCS 205/2 and liquidated damages, as provided by 29 U.S.C. §216; and

B.     For reasonable attorneys fees and costs of this action as provided by 29 U.S.C. §216.

C.     Such other and further relief that the Court deems just under the circumstances.

## COUNT IV – WILLFUL VIOLATION OF FLSA

1.     Plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, VIRGILIO VELEZ all individually repeat and re-allege each and every allegation of Counts I, II and III as though fully set forth herein.

2.     At all times relevant hereto, the action of defendants to not pay for all hours worked and time and one-half for all hours worked over 40 in a week was willful in that among other things:

A.     Defendants knew that the FLSA required every employer to pay for all hours worked and at time and one-half their regular rate for all hours worked over 40 in a week.

B.     Defendants recklessly disregarded the FLSA and its requirement that employees are entitled to pay for all work time and at time and one-half their regular rate for all hours worked over 40 in a week.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA and VAZQUEZ, VIRGILIO VELEZ all individually, ask the Court to enter judgment in their favor, and against the defendants both jointly and severally for the following relief:

A.     For a judgment for all back wages due from June 1, 1999 to the present, prejudgment interest in accordance with established federal case law and

815 ILCS 205/2 and liquidated damages, as provided by 29 U.S.C. §216; and

B.     For reasonable attorneys fees and costs of this action as provided by 29 U.S.C. §216.

C.     Such other and further relief that this Court deems just under the circumstances.

Respectfully submitted,
As to Count I and II,
ALEJANDRA SANCHEZ, individually,
ALEJANDRA VAZQUEZ, individually,
and VIRGILIO VELEZ, individually, and
on behalf of a class of employees similarly
situated, and

As to Count III and IV,
ALEJANDRA SANCHEZ,
ALEJANDRA VAZQUEZ,
VIRGILIO VELEZ, all individually

By: _____
One of Plaintiffs' Attorneys

JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, Illinois 60604
Telephone: 312-939-2100

CAFFARELLI & SIEGEL, Ltd.
205 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: 312-782-3550

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ALEJANDRA SANCHEZ individually, )
ALEJANDRA VAZQUEZ individually, )
and VIRGILIO VELEZ individually, )
and on behalf of a class of employees )
similarly situated and ALEJANDRA )
SANCHEZ, ALEJANDRA VAZQUEZ, )
and VIRGILIO VELEZ all individually )
as to Count III and IV, )
  )
     Plaintiffs, )
  )
     v. )     Case No.  02 CH 12303
  )
STAMPEDE MEAT, INC., )     Calendar 6
an Illinois corporation, and )
EDWARD LIGAS, individually, )
  )
     Defendants. )

F I L E [D]

JUL  3 2002

DOROTHY BRO[WN]
CLERK OF CIRCUIT CO.

### NOTICE OF FILING

To:    Michael Barry             Edward Ligas, President
       321 N. Clark Street, Suite 3400    4551 S. Racine
       Chicago, Illinois 60610        Chicago, Illinois 60609

     PLEASE TAKE NOTICE that on **JULY 3, 2002** the attached Notices of Consent were filed with the Clerk of the Court, Chancery Division, Richard J. Daley Center, Room 802, Chicago, Illinois, a copy of which is hereby served upon you.

                      _____
                      One of Plaintiffs' Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, Illinois 60602
Telephone: (312) 939-2100

### CERTIFICATE OF SERVICE

     I, Luanne M. Galovich, an attorney, hereby certify that a true and correct copy of the notice and attached pleading was served by first class mail, with proper postage fully pre-paid, on July 3, 2002, at or before 5:00 p.m., from the U.S. Postal depository at 30 North LaSalle Street, Chicago, Illinois, 60602, upon the above individuals at the above listed address.

## NOTICE OF CONSENT

I hereby give my consent to become a party plaintiff concerning alleged violations of the Fair Labor Standards Act, 29 U.S.C. 201 or the Portal-to-Portal Act, 29 U.S.C. 251 or both because I either currently am or within the three years preceding the execution of the Consent was an employee of   Stampede Meat, Inc.

YOUR NAME: _Alejandro Vazquez_
(Print)

YOUR ADDRESS: _1855   w  45 st   Chicago   cL 60609_
City        Zip Code

TELEPHONE: _(773) 475-7931_

TODAY'S DATE: _06-20-02_

YOUR SIGNATURE _Alejandro Vazquez_

## NOTICE OF CONSENT

I hereby give my consent to become a party plaintiff concerning alleged violations of the Fair Labor Standards Act, 29 U.S.C. 201 or the Portal-to-Portal Act, 29 U.S.C. 251 or both because I either currently am or within the three years preceding the execution of the Consent was an employee of ___Stampede Meat, Inc.___

_____

_____

YOUR NAME: Virgilio Velez
              (Print)

YOUR ADDRESS: 4536 S. Justine CHGO IL 60609
                                City    Zip Code

TELEPHONE: (773) 523 - 7243

TODAY'S DATE: 06-10-02

YOUR SIGNATURE Virgilio Velez

## NOTICE OF CONSENT

I hereby give my consent to become a party plaintiff concerning alleged violations of the Fair Labor Standards Act, 29 U.S.C. 201 or the Portal-to-Portal Act, 29 U.S.C. 251 or both because I either currently am or within the three years preceding the execution of the Consent was an employee of __Stampede Meat, Inc.__

_____

_____

YOUR NAME: ALEJANDRA SANCHEZ
(Print)

YOUR ADDRESS: 4519 S JUSTINE CH60, IL 60609
City    Zip Code

TELEPHONE: (773) 523-7243

TODAY'S DATE: 06-10-07

YOUR SIGNATURE _Alejandra Sánchez_

2101 - Served
2281 - Not Served
2381 - Served By Mail
Subpoena - for Deposition

(Rev.12/4/00) CCG 0014

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ALEJANDRA SANCHEZ, at el., Plaintiffs

v.

No. ____CCH12203____

STAMPEDE MEAT, INC., et al., Defendants.

**SUBPOENA FOR DEPOSITION**

RECORDS ONLY SUBPOENA:
You need not appear if the
requested records are submitted
to Petitioner's attorney on
or before the due date indicated
herein.

**To:** ADP, INC.
Legal Department

110 Riverside Drive
New York, NY 10024

**YOU ARE COMMANDED** to appear to give your deposition before a Notary Public at:

30 N. LaSalle St. , Room 1724 , Chicago , Illinois 60602
(address)                            (city)               (zip)

on _August 6_ _2002_, at _10:00_ a.m.

**YOU ARE COMMANDED ALSO to bring the following:**

in your possession or control.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

WITNESS __JUL 03 2002__

_Dorothy Brown_
**Clerk of Court**

Atty. No. 18353
**Name:** Jac A. Cotiguala & Associates

**Attorney for:** Plaintiff
**Address:** 30 North LaSalle St., Suite 1724
**City/Zip:** Chicago, Illinois 60602
**Telephone:** (312) 939-2100

I served this subpoena by handing a copy to _____

_____ on _____, _____.

I paid the witness $ _____ for witness and mileage fees.

_____

Signed and sworn to before me on this _____ day of _____, _____

_____ **Notary Public**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

#1

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

**FILED**

| | |
|---|---|
| ALEJANDRA SANCHEZ individually, ) <br> ALEJANDRA VAZQUEZ individually, ) <br> and VIRGILIO VELEZ individually, ) <br> and on behalf of a class of employees ) <br> similarly situated and ALEJANDRA ) <br> SANCHEZ, ALEJANDRA VAZQUEZ, ) <br> and VIRGILIO VELEZ all individually ) <br> as to Count III and IV, ) <br> ) <br>        Plaintiffs, ) <br> ) <br>        v. ) <br> ) <br> STAMPEDE MEAT, INC., ) <br> an Illinois corporation, and ) <br> EDWARD LIGAS, individually, ) <br> ) <br>        Defendants. ) | JUL 3 2002 <br> **DOROTHY BROWN** <br> CLERK OF CIRCUIT COURT <br><br> Case No. 02CH12303 |

### NOTICE OF MOTION

**To: See Attached Service List**

PLEASE TAKE NOTICE that on _August 27_, 2002 at _9:15_ A.M or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge _P. McGann_ or any other judge sitting in his stead that day, in Room _2508_ of the Richard J. Daley Center, Chicago, Illinois, and then and there present the **Motion For Class Certification**, a copy of which is hereby served upon you.

_____
One of Plaintiff's Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, Illinois 60602
Telephone: (312) 939-2100

## CERTIFICATE OF SERVICE

To:

Michael Barry
321 N. Clark Street, Suite 3400
Chicago, Illinois 60610

Edward Ligas, President
4551 S. Racine
Chicago, Illinois 60609

    I, Jac A. Cotiguala, an attorney, hereby certify that a true and correct copy of the notice and attached pleading was served by first class mail, with proper postage fully pre-paid, on June 3, 2002, at or before 5:00 p.m., from the U.S. Postal depository at 30 North LaSalle Street, Chicago, Illinois, 60602, upon the above individuals at the above listed address.

_____
Jac A. Cotiguala

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, IL 60602
(312) 939-2100

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ALEJANDRA SANCHEZ individually,　)
ALEJANDRA VAZQUEZ individually,　)
and VIRGILIO VELEZ individually,　)
and on behalf of a class of employees　)
similarly situated and ALEJANDRA　)
SANCHEZ, ALEJANDRA VAZQUEZ,　)
and VIRGILIO VELEZ all individually　)
as to Count III and IV,　)
　)
　　Plaintiffs,　)
　)
　v.　)　Case No.　020412303
　)
STAMPEDE MEAT, INC.,　)
an Illinois corporation, and　)
EDWARD LIGAS, individually,　)
　)
　　Defendants.　)

FILED

JUL 3 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

## MOTION FOR CLASS CERTIFICATION

NOW COMES the Plaintiffs, Alejandra Sanchez, Alejandra Vazquez, and

Virgilio Velez, and all other similarly situated, pursuant to 735 ILCS 5/2-801, and

herewith moves the court to certify this suit as a class action under the Illinois Minimum

Wage Law, 820 ILCS 105/1 et seq., ("ILMWL") and the Illinois Wage Payment and

Collection Act, to recover back overtime pay for the period June 1, 1999, three years

before the original date of filing this suit, to and including the present. The class action

procedure has been found appropriate in cases under the ILMWL. Roger Wenthold, et al.

v. AT&T Technologies, Inc., et al., 142 Ill. App.3d 612 (1st Dist. 1986).

## I.    INTRODUCTION

Plaintiff filed the Class Complaint requesting relief on behalf of a class of all

workers who, at any time during the period June 14, 1999, through the present

(referenced herein as the "class period"), were employed by defendants in Illinois as

hourly employees and was not paid for all hours worked for donning and doffing safety

equipment and employer supplied work clothes or had their time wrongfully rounded or

both.

## II.    DEFINITION OF THE CLASS

The Plaintiff class may be defined as follows:

> All persons who, at any time during the period July 1,
> 1999, through the present (referenced herein as the "class
> period"), were employed by Stampede Meat, Inc. as hourly
> paid workers in the meat cutting plants in Chicago, Illinois,
> and did not receive pay for the donning or doffing of safety
> equipment and employer supplied work clothes and the
> additional related incidental work time or had their work
> time as reflected on the punched time cards improperly
> rounded.

The representative plaintiffs can meet each of the requirements for maintaining a

class action under state law. The Illinois Code of Civil Procedure provides:

> §2-801.    Prerequisites for the maintenance of a class
> action. An action may be maintained as a class action in

2

any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)  The class is so numerous that joinder of all members is impracticable.

(2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)  The representative parties will fairly and adequately protect the interest of the class.

(4)  The class action is an appropriate method for the fair and efficient adjudication of the controversy. P.A. 82-280, §2-801, eff. July 1, 1982.

Plaintiff can meet each of the statutory requirements for maintenance of this suit as a class action. The class action device is ideally suited for the collection of overtime wage claims. <u>Roger Wenthold, et al. v. AT&T Technologies, Inc., et al.</u>, 142 App.3d 6112 (1st Dist. 1986).

III.  **TEMPORALITY OF THE CLASS**

The temporality of the class is June 14, 1999 to the present. The statute of limitation in Illinois for filing an overtime wage claim is three years. 820 ILCS 105/4.

IV.  **NUMEROSITY OF THE CLASS**

The class of sheet metal workers is so numerous that joinder of all members is impracticable. The precise number in the class cannot be determined until payroll records, and employment and union lists are obtained from defendant and the union. However, it is believed there are well over 200 aggrieved employees in the two Chicago

meat cutting plants. Once the number of class members is obtained, the court will know the number of persons affected.

## V.    COMMON QUESTIONS OF FACT OR LAW

There are questions of fact and law common to the class and these common questions predominate over any questions affecting individual members. Each of the plaintiffs has in common the fact that they are hourly paid workers employed by defendant Stamped Meat, Inc. Each class member worked time for which they were not paid, between the period July 1, 1999 and the present. Each of the class members was not paid for donning or doffing safety equipment and work clothes supplied by the employer and the incidental time involved in those tasks including but not limited to picking up the equipment and work clothes before the beginning of the shift, cleaning the equipment and returning the equipment and clothes after the end of the shift. Each plaintiff will have time due on this as it was the employer's policy to allow employees to punch in only after the required equipment and clothes were on the employee and require employees to punch out before taking off and cleaning the safety equipment and taking off the supplied required clothes and returning all of it. Also those employees who punched their timecards outside of the three minute window period have not been paid for time worked but not paid because of improper rounding by the defendants. It was the employer's policy to only pay for non worked time of 3 minutes or less at the beginning and end of the shift and pay in 15 minute increments. Thus work time is not equitably rounded to the nearest 15 minute increment of pay.

The common question of law to all of the class members is that each class member is protected by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq/*, and is due back pay for the unpaid work time.

VI. **ADEQUACY OF REPRESENTATION**

Both the plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ, and their attorneys, JAC A. COTIGUALA & ASSOCIATES and CAFFARELLI & SIEGAL Ltd. , will fairly and adequately protect the interests of the class. Plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VERGILIO VELEZ, were workers employed by defendants during part of the relevant time-period in the Chicago meat cutting plants. They are former hourly paid employees owed money for unpaid work time, and they have the incentive to request their back wages. Their attorneys, JAC A. COTIGUALA & ASSOCIATES, are highly experienced and recognized attorneys in wage and hour law and have been designated as class counsel in other class actions in the state and federal courts. See e.g. Bell, et al. v. United Parcel Service, Inc., 94 CH 1658 (Cook County, Ill., Hett, J.) and Johnson, et al. v. CHA, 94 C 7692 (N.D. Ill., Plunkett, J.). CAFFARELLI & SIEGAL Ltd. are experienced attorneys in labor and employment matters and litigation regarding labor and employment in state and federal court. Mr. Cotiguala, Ms. Galovich, Mr. Caffarelli, and Mr. Siegal have the ability and the resources to manage this lawsuit.

## VII. APPROPRIATENESS OF CLASS ACTION METHOD

A class action would be an appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. The Appellate Court of Illinois has recognized this. Roger Wenthold, et al. v. AT&T Technologies, Inc., et al., 142 App.3d 612 (1st Dist. 1986).

## VIII. CONCLUSION

For all of the foregoing reasons, the court should issue an order of class certification and authorize the sending of notice, to each of the class members, at the plaintiff's expense.

Respectfully submitted,

ALEJANDRA SANCHEZ,
ALEJANDRA VAZQUEZ,
And VIRGILIO VELEZ,


By:_____
One of Plaintiff's Attorneys


JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street
Suite 1724
Chicago, Illinois 60602
Telephone:    (312) 939-2100

CAFFARELLI & SIEGEL, Ltd.
205 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone:  312-782-3550

## CERTIFICATE OF SERVICE

To:

Michael Berry
321 N. Clark Street, Suite 3400
Chicago, Illinois 60610

Edward Ligas, President
4551 S. Racine
Chicago, Illinois 60609

I, Jac A. Cotiguala, an attorney, hereby certify that a true and correct copy of the notice and attached pleading was served by first class mail, with proper postage fully pre-paid, on June 5, 2002, at or before 5:00 p.m., from the U.S. Postal depository at 30 North LaSalle Street, Chicago, Illinois, 60602, upon the above individuals at the above listed address.

Jac A. Cotiguala

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, IL 60602
(312) 939-2100

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

ALEJANDRA SANCHEZ individually, )
ALEJANDRA VAZQUEZ individually, )
and  VIRGILIO VELEZ individually, )
and on behalf of a class of employees )
similarly situated and ALEJANDRA )
SANCHEZ, ALEJANDRA VAZQUEZ, )
and VIRGILIO VELEZ  all individually )
as to Count III and IV, )
                                         )
          Plaintiffs, )
                                           )
          v. )
                                           )
STAMPEDE MEAT, INC., )
an Illinois corporation,  and )
EDWARD LIGAS, individually, )
                                         )
Defendants. )

**F I L E D**

JUL 1 0 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Case No. 02 CH 12303

## NOTICE OF AMENDED MOTION

**To:  See Attached Service List**

      PLEASE TAKE NOTICE that on **August 2, 2002** at **9:15 A.M.** or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge P. McGann or any other judge sitting in his stead that day, in Room 2508 of the Richard J. Daley Center, Chicago, Illinois, and then and there present the **Amended Motion For Class Certification,** a copy of which is hereby served upon you.

                                                        One of Plaintiff's Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, Illinois 60602
Telephone: (312) 939-2100

**CERTIFICATE OF SERVICE**

To:

Michael Barry
321 N. Clark Street, Suite 3400
Chicago, Illinois 60610

Edward Ligas, President
4551 S. Racine
Chicago, Illinois 60609

    I, Jac A. Cotiguala, an attorney, hereby certify that a true and correct copy of the notice and attached pleading was served by first class mail, with proper postage fully pre-paid, on July 16, 2002, at or before 5:00 p.m., from the U.S. Postal depository at 30 North LaSalle Street, Chicago, Illinois, 60602, upon the above individuals at the above listed address.

                                  Jac A. Cotiguala

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, IL 60602
(312) 939-2100

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ALEJANDRA SANCHEZ individually,   )
ALEJANDRA VAZQUEZ individually,   )
and  VIRGILIO VELEZ individually,   )
and on behalf of a class of employees   )
similarly situated and ALEJANDRA   )
SANCHEZ, ALEJANDRA VAZQUEZ,   )
and VIRGILIO VELEZ  all individually  )
as to Count III and IV,   )
   )
      Plaintiffs,   )
   )
      v.   )
   )
STAMPEDE MEAT, INC.,   )
an Illinois corporation,  and   )
EDWARD LIGAS, individually,   )
   )
      Defendants.   )

F I L E D

JUL 1 0 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Case No. 02 CH 12303

## AMENDED MOTION FOR CLASS CERTIFICATION

NOW COMES the Plaintiffs, Alejandra Sanchez, Alejandra Vazquez, and

Virgilio Velez, and all other similarly situated, pursuant to 735 ILCS 5/2-801, and

herewith moves the court to certify this suit as a class action under the Illinois Minimum

Wage Law, 820 ILCS 105/1 et seq., ("ILMWL") and the Illinois Wage Payment and

Collection Act, to recover back overtime pay for the period June 1, 1999, three years

before the original date of filing this suit, to and including the present.  The class action

procedure has been found appropriate in cases under the ILMWL. <u>Roger Wenthold, et al.</u> <u>v. AT&T Technologies, Inc., et al.</u>, 142 Ill. App.3d 612 (1st Dist. 1986).

I. **INTRODUCTION**

Plaintiff filed the Class Complaint requesting relief on behalf of a class of all workers who, at any time during the period June 14, 1999, through the present (referenced herein as the "class period"), were employed by defendants in Illinois as hourly employees and was not paid for all hours worked for donning and doffing safety equipment and employer supplied work clothes or had their time wrongfully rounded or both.

II. **DEFINITION OF THE CLASS**

The Plaintiff class may be defined as follows:

> All persons who, at any time during the period July 1, 1999, through the present (referenced herein as the "class period"), were employed by Stampede Meat, Inc. as hourly paid workers in the meat cutting plants in Chicago, Illinois, and did not receive pay for the donning or doffing of safety equipment and employer supplied work clothes and the additional related incidental work time or had their work time as reflected on the punched time cards improperly rounded.

The representative plaintiffs can meet each of the requirements for maintaining a class action under state law. The Illinois Code of Civil Procedure provides:

> §2-801. Prerequisites for the maintenance of a class action. An action may be maintained as a class action in

2

any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy. P.A. 82-280, §2-801, eff. July 1, 1982.

Plaintiff can meet each of the statutory requirements for maintenance of this suit as a class action. The class action device is ideally suited for the collection of overtime wage claims. Roger Wenthold, et al. v. AT&T Technologies, Inc., et al., 142 App.3d 6112 (1st Dist. 1986).

III. **TEMPORALITY OF THE CLASS**

The temporality of the class is June 14, 1999 to the present. The statute of limitation in Illinois for filing an overtime wage claim is three years. 820 ILCS 105/4.

IV. **NUMEROSITY OF THE CLASS**

The class of meat cutting workers workers is so numerous that joinder of all members is impracticable. The precise number in the class cannot be determined until payroll records, and employment and union lists are obtained from defendant. However, it is believed there are well over 200 aggrieved employees in the two Chicago meat

3

cutting plants. Once the number of class members is obtained, the court will know the number of persons affected.

V.    **COMMON QUESTIONS OF FACT OR LAW**

There are questions of fact and law common to the class and these common questions predominate over any questions affecting individual members. Each of the plaintiffs has in common the fact that they are hourly paid workers employed by defendant Stamped Meat, Inc. Each class member worked time for which they were not paid, between the period July 1, 1999 and the present. Each of the class members was not paid for donning or doffing safety equipment and work clothes supplied by the employer and the incidental time involved in those tasks including but not limited to picking up the equipment and work clothes before the beginning of the shift, cleaning the equipment and returning the equipment and clothes after the end of the shift. Each plaintiff will have time due on this as it was the employer's policy to allow employees to punch in only after the required equipment and clothes were on the employee and require employees to punch out before taking off and cleaning the safety equipment and taking off the supplied required clothes and returning all of it. Also those employees who punched their timecards outside of the three minute window period have not been paid for time worked but not paid because of improper rounding by the defendants. It was the employer's policy to only pay for non worked time of 3 minutes or less at the beginning and end of the shift and pay in 15 minute increments. Thus work time is not equitably rounded to the nearest 15 minute increment of pay.

The common question of law to all of the class members is that each class member is protected by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq/*, and is due back pay for the unpaid work time.

VI. **ADEQUACY OF REPRESENTATION**

Both the plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ, and their attorneys, JAC A. COTIGUALA & ASSOCIATES and CAFFARELLI & SIEGEL Ltd. , will fairly and adequately protect the interests of the class. Plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VERGILIO VELEZ, were workers employed by defendants during part of the relevant time-period in the Chicago meat cutting plants. They are former hourly paid employees owed money for unpaid work time, and they have the incentive to request their back wages. Their attorneys, JAC A. COTIGUALA & ASSOCIATES, are highly experienced and recognized attorneys in wage and hour law and have been designated as class counsel in other class actions in the state and federal courts. See e.g. Bell, et al. v. United Parcel Service, Inc., 94 CH 1658 (Cook County, Ill., Hett, J.) and Johnson, et al. v. CHA, 94 C 7692 (N.D. Ill., Plunkett, J.). CAFFARELLI & SIEGAL Ltd. are experienced attorneys in labor and employment matters and litigation regarding labor and employment in state and federal court. Mr. Cotiguala, Ms. Galovich, Mr. Caffarelli, and Mr. Siegal have the ability and the resources to manage this lawsuit.

## VII.   **APPROPRIATENESS OF CLASS ACTION METHOD**

A class action would be an appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. The Appellate Court of Illinois has recognized this. <u>Roger Wenthold, et al. v. AT&T Technologies, Inc., et al.</u>, 142 App.3d 612 (1st Dist. 1986).

## VIII.   **CONCLUSION**

For all of the foregoing reasons, the court should issue an order of class certification and authorize the sending of notice, to each of the class members, at the plaintiff's expense.

Respectfully submitted,

ALEJANDRA SANCHEZ,
ALEJANDRA VAZQUEZ,
And VIRGILIO VELEZ,

By: _____
One of Plaintiff's Attorneys

JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street
Suite 1724
Chicago, Illinois 60602
Telephone:   (312) 939-2100

CAFFARELLI & SIEGEL, Ltd.
205 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone:   312-782-3550

## CERTIFICATE OF SERVICE

To:

Michael Berry
321 N. Clark Street, Suite 3400
Chicago, Illinois 60610

Edward Ligas, President
4551 S. Racine
Chicago, Illinois 60609

I, Jac A. Cotiguala, an attorney, hereby certify that a true and correct copy of the notice and attached pleading was served by first class mail, with proper postage fully pre-paid, on July 10, 2002, at or before 5:00 p.m., from the U.S. Postal depository at 30 North LaSalle Street, Chicago, Illinois, 60602, upon the above individuals at the above listed address.

Jac A. Cotiguala

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, IL 60602
(312) 939-2100

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 21 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(Rev.1/2/01) CCG 000

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

02012303

(Name all parties)

ALEJANDRA SANCHEZ, et al.,

      Plaintiffs,

              **v.**

STAMPEDE MEAT, INC.,
an Illinois corporation, and
EDWARD LIGAS, individually,

      Defendants.

No. _____

## SUMMONS

**To each defendant:** Michael Barry
321 N. Clark Street, Suite 3400
Chicago, IL 60610

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court a
the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____802_____ **, Chicago, Illinois 60602**

| ❑ **District 2 - Skokie** | ❑ **District 3 - Rolling Meadows** | ❑ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ❑ **District 5 - Bridgeview** | ❑ **District 6 - Markham** | |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | |
| Bridgeview, IL 60455 | Markham, IL 60426 | |

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIE**
**REQUESTED IN THE COMPLAINT.**

**To the officer:**

    **This summons must be returned by the officer or other person to whom it was given for service, wit**
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons sha
be returned so endorsed. **This summons may not be served later than 30 days after its date.**

**Atty. No.:** __18353__

**Name:** Jac A. Cotiquala

**Atty. for:** Plaintiff

**Address:** 30 North LaSalle St., Suite 1724

**City/State/Zip:** Chicago, Illinois 60602

**Telephone:** (312) 939-2100

**Service by Facsimile Transmission will be accepted at:** _____

**WITNESS,** ____JUL 03 2002____ _____

_____

**Clerk of Court**

**Date of service:** _17 July '02_ ,
(To be inserted by officer on copy left with defendant
or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Attorney Code No. 18353

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRA SANCHEZ individually, | ) | |
| ALEJANDRA VAZQUEZ individually, | ) | |
| and VIRGILIO VELEZ individually, | ) | |
| and on behalf of a class of employees | ) | |
| similarly situated and ALEJANDRA | ) | |
| SANCHEZ, ALEJANDRA VAZQUEZ, | ) | |
| and VIRGILIO VELEZ all individually | ) | |
| as to Count III and IV, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | Case No. |
|  | ) | |
| STAMPEDE MEAT, INC., | ) | |
| an Illinois corporation, and | ) | 02012303 |
| EDWARD LIGAS, individually, | ) | |
|  | ) | |
| Defendants. | ) | |

### CLASS ACTION COMPLAINT IN CHANCERY FOR INJUNCTION, ACCOUNTING AND JUDGMENT FOR BACK OVERTIME WAGES

NOW COME the plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA

VAZQUEZ, and VIRGILIO VELEZ, pursuant to 735 ILCS 5/2-801 *et seq.* class actions;

820 ILCS 115/1 *et seq.*, commonly known as the Wage Payment and Collection Act; 820

ILCS 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Act; and 29

U.S.C.§ 200 *et seq.*, commonly known as the Fair Labor Standards Act, by and through

their attorneys, JAC A. COTIGUALA & ASSOCIATES, and CAFFARELLI & SIEGEL

Ltd. and in support of their complaint, state as follows:

## COUNT I – ILLINOIS MINIMUM WAGE ACT

1.      That the plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ individually and as class representatives of the class they wish to represent are hourly paid employees who are due, and who have not been paid for all hours worked including overtime wages under the maximum hours provisions of the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* from June 1, 1998 to the present.

2.      That each of the plaintiffs was, or still is, employed by STAMPEDE MEAT, INC. ("STAMPEDE"), a corporation duly organized and existing under the laws of the State of Illinois.

3.      That defendant, STAMPEDE, is subject to the provisions of said laws and is an employer within the meaning of the Illinois Minimum Wage Act, and maintains its registered office in the County of Cook at 321 N. Clark St., Suite 3400, Chicago, Illinois.

4.      On information and belief, plaintiffs claim that the plants of STAMPEDE are also in Chicago, Illinois.

5.      That defendant, EDWARD LIGAS ("LIGAS"), is an employer of plaintiffs within the meaning of the Illinois Minimum Wage Act in that among many other things he controls how many hours plaintiffs worked, whether plaintiffs were paid for all hours worked and whether they were paid time and one-half their regular rate of pay for hours worked in excess of forty (40) in a week.

6.      All of the Plaintiffs reside in Chicago, Illinois.

7.      Defendants are in the business of meat cutting in Chicago, Illinois.

8.      Plaintiffs are not paid for all time worked including the donning and doffing of required safety equipment and work clothes and the time associated with

obtaining said equipment in the morning, cleaning it at night and returning it. In the morning plaintiffs wait in line to obtain the safety equipment and work clothes from the company. Upon receiving said equipment they put it on and then wait in line to punch in. Converse at the end of their recognized work period they punch out and then proceed to take off the supplied equipment and work clothes, wash off the safety equipment, and return the safety equipment and soiled work clothes. All of this work is performed either before punching in or after punching out. Thus although the described activities are integral and indispensable part of the principal work activities for which plaintiffs are employed it is uncompensated by defendants.

9.     This uncompensated work is known to defendants because the practices to not perform this work during punched-in hours were established by defendants.

10.    Plaintiffs are not paid for all work time recognized by defendants in that defendants pay in 15 minute increments, however, they only round to the benefit of the employer and detriment of the employee beyond a three minute window. If an employee punches in within 3 minutes or less after the start of the work shift they will be paid from the start, however, punching the time-clock beyond 3 minutes results in pay commencing at the next 15 minute time-period thus working 11 minutes 59 seconds to 7 minutes 31 seconds without pay where rounding would result in pay to the employee. Conversely at the end of the shift punching out before 3 minutes or less in the 15 minute time-period remains results in not being paid for work in the amount of the 11 minutes 59 seconds to 7 minutes 31 seconds that equal rounding would result in pay.

11.    Defendant, LIGAS, failed to make the company change its methods and pay for all hours worked and time and one-half for all hours worked over 40 in a week

3

and for the improper rounding although he was aware of these practices and had the authority to change them.

12.     That the plaintiffs and the class they represent for the work described in paragraphs 8 and 10 above were not paid anything for this described work.

13.     That, the individual plaintiffs, represent all employees who have not been paid for all hours worked and for overtime at the required time and one-half rate from June 1, 1999 through and including the present, under the provisions of the Illinois Minimum Wage Act during the time period of the class.

14.     That the Court should certify this suit as a class action and determine the rights of the parties as to the individual plaintiffs and as to the class back pay, any damages due pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 205/2; the Court should direct the defendants to account for all of said back wages, penalties and prejudgment interest thereon, due the plaintiffs and the class they represent; and the Court should order defendants to comply with the Illinois Minimum Wage Act in the future.

15.     That this suit is brought pursuant to 735 ILCS 5/2-801 as a class action because the class or subclasses of plaintiffs is so numerous that joinder of all members is impracticable. It is further impracticable, at this time, to discover the numerous members of the class similarly situated to the plaintiffs, or to join said members as parties to this suit, however, Plaintiff believes that the number of similarly situated employees is in the hundreds. Plaintiffs, therefore, bring this action on their own behalf as aggrieved employees, and in their representative capacity as aggrieved employees, against the defendants. All class plaintiffs and the individual plaintiffs are equally affected by the

alleged failure to pay for all hours worked and the overtime pay violations of the defendants and their failure to pay overtime wages; and the relief sought is for the benefit of the individual plaintiffs, and the class they represent, and against the defendants.

16.     That the issues involved in this cause present common questions of law and fact; and these common questions of law or fact predominate over the variations which may exist between members of the class and subclasses, if any. The individual plaintiffs and defendants, and the class plaintiffs and defendants, have a commonality of interest in the subject matter and remedy sought, to wit, back pay plus penalties, interest, attorney fees and cost of the lawsuit. The individual plaintiffs believe and assert that they are able fairly and adequately to represent and to protect the interest of the class. If individual actions were required to be brought by each of the class plaintiffs injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individual plaintiffs and to the Court, as well as to the defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this controversy and distribution of the common fund to which the class is entitled.

17.     That the books and records of the defendant STAMPEDE are material to the plaintiffs' case as they disclose the hours worked by each employee and what each employee was paid for that work.

18.     That all current employees are injured by defendants' failure to comply with the Illinois Minimum Wage Act and will continue to be in the future until defendants are required to comply with the law now and into the future.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELZ, individually and as class representatives of the class, ask the Court to determine that this action should proceed as a class action, certify the class described herein, and enter judgment in their favor, and against defendants both jointly and severally, for the following relief:

A.     For a judgment for all back wages due, as provided by the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*;

B.     That defendants be ordered to comply with the Illinois Minimum Wage Act in the future;

C.     For prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages under the Illinois Minimum Wage Act, 820 IL CS 105/12;

D.     For reasonable attorneys fees and costs of this action as provided by the Illinois Minimum Wage Act, 820 ILCS 105/12;

E.     That this Court determine the rights of the parties and direct the defendants to account for all hours worked and wages paid to the class members during the temporality of the class; and

F.     For such other and further relief as the Court may deem just and equitable.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

This cause of action arises out of the identical nucleus of operative facts as does Count I.

1.      Plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ individually and as class representatives of the class they wish to represent incorporate herein and re-allege each and every allegation of Count I as though fully set forth herein.

2.      At any and all times relevant hereto, at defendants' request, plaintiffs and the class they represent performed labor services for defendants.

3.      Defendants promised to pay plaintiffs and the class they represent for said labor at hourly rates which varied during the relevant time period, and pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, plaintiffs are entitled to be paid their wages for hours worked but not recognized by defendants as compensable time.

4.      Defendants have failed, neglected or refused to pay plaintiffs for all their wages during the period from June 1, 1999 to the present, pursuant to 820 ILCS 115/4 and 5; and, as a direct and proximate result thereof, co-plaintiffs have been damaged in a currently unknown amount.


## PRAYER FOR RELIEF

WHEREFORE plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ individually, and as representatives of the class ask the Court determine that this action should proceed as a class action certify the class described

herein and enter judgment in their favor, and against defendants both jointly and morally for the following relief:

A. To order defendants to make an accounting of all the hours worked and wages paid to the plaintiffs and to each and every class member they represent for the period June 1, 1999 to the present;

B. Order defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C. To enter judgment in favor of the plaintiff and the class they represent, and against each of the defendants both jointly and severally for the back wages due, plus prejudgment interest at the statutory rate pursuant to 815 ILCS 205/2; and

D. Such other and further relief as may be just in law and in equity.

## COUNT III – FEDERAL LAW/FAIR LABOR STANDARDS ACT

NOW COME the plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ all individually, and complaining of the defendants pursuant to 29 U.S.C.§201 *et seq.*, commonly known as the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter, "FLSA"), allege:

1. They repeat and re-allege each and every allegation of Counts I and II as though fully set forth herein.

2. At any and all times relevant hereto, defendant, STAMPEDE was, and still is, an "enterprise" and an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the Act, 29 U.S.C. §203 (r) and (s).

8

3.    At any and all times relevant hereto, defendants STAMPEDE and LIGAS are each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. §203(d).

4.    At any and all times relevant hereto, each plaintiff was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. §203(e).

5.    Between June 1, 1999 and the present, plaintiffs were not paid for all hours worked and their wages at the rate of one and one-half their regular rate for all hours worked in excess of 40 during certain work weeks in which they worked, in violation of the minimum wage and maximum hours provisions of the FLSA, to wit, 29 U.S.C. §§206 and 207(a).

6.    As a direct and proximate result thereof, there is due to plaintiffs back wages and liquidated damages, pursuant to 29 U.S.C. §216.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA and VAZQUEZ, VIRGILIO VELEZ all individually, ask the Court to enter judgment in their favor, and against all the defendants both jointly and severally for the following relief:

A.    For a judgment for all back wages due from June 1, 2000 to the present, prejudgment interest in accordance with established federal case law and 815 ILCS 205/2 and liquidated damages, as provided by 29 U.S.C. §216; and

B.    For reasonable attorneys fees and costs of this action as provided by 29 U.S.C. §216.

C.     Such other and further relief that the Court deems just under the circumstances.

## COUNT IV – WILLFUL VIOLATION OF FLSA

1.     Plaintiffs ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, VIRGILIO VELEZ all individually repeat and re-allege each and every allegation of Counts I, II and III as though fully set forth herein.

2.     At all times relevant hereto, the action of defendants to not pay for all hours worked and time and one-half for all hours worked over 40 in a week was willful in that among other things:

A.     Defendants knew that the FLSA required every employer to pay for all hours worked and at time and one-half their regular rate for all hours worked over 40 in a week.

B.     Defendants recklessly disregarded the FLSA and its requirement that employees are entitled to pay for all work time and at time and one-half their regular rate for all hours worked over 40 in a week.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, ALEJANDRA SANCHEZ, ALEJANDRA and VAZQUEZ, VIRGILIO VELEZ all individually, ask the Court to enter judgment in their favor, and against the defendants both jointly and severally for the following relief:

A.     For a judgment for all back wages due from June 1, 1999 to the present, prejudgment interest in accordance with established federal case law and

815 ILCS 205/2 and liquidated damages, as provided by 29 U.S.C. §216; and

B.    For reasonable attorneys fees and costs of this action as provided by 29 U.S.C. §216.

C.    Such other and further relief that this Court deems just under the circumstances.

Respectfully submitted,
As to Count I and II,
ALEJANDRA SANCHEZ, individually,
ALEJANDRA VAZQUEZ, individually,
and VIRGILIO VELEZ, individually, and
on behalf of a class of employees similarly situated, and

As to Count III and IV,
ALEJANDRA SANCHEZ,
ALEJANDRA VAZQUEZ,
VIRGILIO VELEZ, all individually

By: _____
One of Plaintiffs' Attorneys

JAC A. COTIGUALA & ASSOCIATES
30 North LaSalle Street, Suite 1724
Chicago, Illinois 60604
Telephone: 312-939-2100

CAFFARELLI & SIEGEL, Ltd.
205 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Telephone: 312-782-3550

11

JS 44
(Rev. 3/99)

**DOCKETED**

AUG 0 2 2002

# CIVIL COVER SHEET



The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Alejandra Sanchez, et. al.

## DEFENDANTS
Stampede Meat, Inc. and Edward Ligas

**02C 5452**

JUDGE NORDBERG
COOK

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

MAGISTRATE JUDGE MASON

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jac A. Cotignola & Associates
30 N. LaSalle St
Suite 1724
Chicago, IL 60604

ATTORNEYS (IF KNOWN)
Gardner, Carton & Douglas
321 N. Clark St
Suite 3400
Chicago IL 60610

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/ Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
29 U.S.C. § 200 et seq.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE

DOCKET NUMBER

DATE  8/1/02

SIGNATURE OF ATTORNEY OF RECORD
Jennie M. Holerichler

**DOCKETED**

AUG 0 2 2002

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE NORDBERG

In the Matter of

ALEJANDRA SANCHEZ, et al.
   v.
STAMPEDE MEAT, INC. et al.

Case Number: **02C 5452**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

STAMPEDE MEAT, INC. and EDWARD LIGAS, individually MAGISTRATE JUDGE MASON

| (A) | (B) |
|---|---|
| SIGNATURE *Michael E. Barry /gmH* | SIGNATURE *Alan S. King /gmH* |
| NAME Michael E. Barry | NAME Alan S. King |
| FIRM Gardner, Carton & Douglas | FIRM Gardner, Carton & Douglas |
| STREET ADDRESS 321 N. Clark St., Suite 3400 | STREET ADDRESS 321 N. Clark St., Suite 3400 |
| CITY/STATE/ZIP Chicago, IL 60610-4795 | CITY/STATE/ZIP Chicago, IL 60610-4795 |
| TELEPHONE NUMBER (312) 644-3000 | TELEPHONE NUMBER (312) 644-3000 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 3121539 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6198223 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE *John T. Roache* | SIGNATURE *Jamie M. Haberichter* |
| NAME John T. Roache | NAME Jamie M. Haberichter |
| FIRM Gardner, Carton & Douglas | FIRM Gardner, Carton & Douglas |
| STREET ADDRESS 321 N. Clark St., Suite 3400 | STREET ADDRESS 321 N. Clark St., Suite 3400 |
| CITY/STATE/ZIP Chicago, IL 60610-4795 | CITY/STATE/ZIP Chicago, IL 60610-4795 |
| TELEPHONE NUMBER (312) 644-3000 | TELEPHONE NUMBER (312) 644-3000 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6216752 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6257792 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.