IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALEJANDRA SANCHEZ individually,  )
ALEJANDRA VAZQUEZ individually,  )
and  VIRGILIO VELEZ individually,  )
and on behalf of a class of employees  )
similarly situated and ALEJANDRA  )
SANCHEZ, ALEJANDRA VAZQUEZ,  )
and VIRGILIO VELEZ  all individually  )
as to Count III and IV,  )
                                         )         Judge Nordberg
                   Plaintiffs,      )         Magistrate Judge Valdez
                                           )
                        v.           )         Case No. 02 C 5452
                                         )
STAMPEDE MEAT, INC.,  )
an Illinois corporation,  and  )
EDWARD LIGAS, individually,  )
                                         )
                   Defendants.     )

## NOTICE OF FILING

To:    Michael E. Barry
        Alan S. King
        Terry M. Hackett
        Wendy L. Seltzer
        GARDNER CARTON & DOUGLAS, LLP
        191 N. Wacker Drive, Suite 3700
        Chicago, Illinois  60606

PLEASE TAKE NOTICE that on November 17, 2005, I filed the attached **Class Action Settlement Agreement for Review and Approval by the Court** with the Clerk of the Court at 219 South Dearborn, Chicago, Illinois, 20th floor, a copy of which is attached hereto.

By:    _____
         One of Plaintiffs' Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, IL 60605
(312) 939-2100

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement (referenced herein as the "Settlement Agreement") is entered into on this _____ ||4th_____ day of November, 2005, by and among Alejandra Sanchez, Alejandra Vazquez and Virgilio Velez (collectively referenced herein as "plaintiffs") on the one hand and STAMPEDE MEAT, INC. and Edward Ligas (collectively referenced herein as "STAMPEDE") on the other hand.

## RECITALS

Whereas, at all times between July 3, 1999, and June 30, 2005 (referenced herein as the "Class Period"), STAMPEDE was in the meat cutting business in Illinois; and

Whereas, during all or part of the Class Period, each of the plaintiffs was employed by STAMPEDE in the Chicago or Oak Lawn, Illinois facility; and

Whereas, on July 3, 2002, Alejandra Sanchez, Alejandra Vazquez and Virgilio Velez filed suit on behalf of themselves and a class of all other similarly situated employees employed by STAMPEDE in the Chicago facility and the Oak Lawn facility in that certain lawsuit known as Sanchez, et al. v. Stampede Meat, Inc., et al., No. 02 CH 12303 (referenced herein, as the "Lawsuit"), seeking *inter alia* recovery of unpaid overtime wages due plus liquidated damages, interest and attorneys' fees, in violation of the Illinois Minimum Wage Law, 820 ILCS 105 *et seq.* the Illinois Wage Payment and Collection Act, 820 ILCS 115 *et. seq.*, and the Fair Labor Standards Act, 29 U.S.C. 200, *et seq.*

Whereas, defendants had the matter removed to federal court on August 1, 2002 where it bore the case number 02 C 5452 in the United States District Court for the Northern District of Illinois, Eastern Division; and

Whereas, on January 13, 2005, the Court certified a class in the Lawsuit defined as follows:

All present and former persons who were employed in the Chicago or Oak Lawn or both facilities of Stampede Meat, Inc. during the time period July 3, 1999 to June 30, 2005 on an hourly wage basis.

Whereas, Alejandra Sanchez, Alejandra Vazquez and Virgilio Velez also sought liquidated damages for violation of the Fair Labor Standards Act, 29 U.S.C. 200 et seq. on behalf of themselves only; and

Whereas, the Class has been represented in the Lawsuit by Caffarelli & Siegel and Jac A. Cotiguala and Luanne M. Galovich of Jac A. Cotiguala & Associates (collectively referenced herein as "Class Counsel"); and,

Whereas, STAMPEDE has denied and continues to deny all of the substantive allegations of plaintiffs' complaint in the Lawsuit; and,

Whereas, the Lawsuit has been vigorously prosecuted by the named plaintiffs and Class Counsel and the Lawsuit has been vigorously defended by STAMPEDE, numerous interrogatories have been served and answered, many hundreds of documents have been produced and examined, and the parties anticipate that, if the claims in the Lawsuit are not settled, the continued prosecution of the Lawsuit would require similar additional discovery efforts and hundreds of hours of attorneys' time for discovery, trial preparation, trial, and appellate proceedings; and,

Whereas, STAMPEDE has previously provided Class Counsel with a list of all class members with their start and end dates of employment with STAMPEDE.

Whereas, the parties have determined that it would be in their respective best interests and in the best interests of the Class to avoid the continued costs and risks of litigation by fully settling and compromising the claims brought by plaintiffs, for themselves and for members of the Class, against STAMPEDE on the terms set out below;

2

## TERMS OF AGREEMENT

Now, therefore, in consideration of the parties' respective promises, representations, warranties, and/or undertakings set forth herein, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.      All of the foregoing recitations are hereby repeated as part of the terms of this Settlement Agreement as if set out in full in this paragraph.

2.      Within three business days after the execution of this Settlement Agreement, plaintiffs shall file a motion before the Court seeking entry of an order in the form of attached Exhibit A (the order to be entered on such motion to be referenced herein as the "Preliminary Approval Order") that will provide for the following: 1) preliminary approval of this Class Action Settlement Agreement as being fair, adequate, reasonable, and in the best interests of the Class; 2) approval of notice to members of the Class, to be sent by first-class mail, of the pendency of the Class Action, Class Certification of the State Law Count, of this Settlement Agreement and of Hearing Thereon ("Notice to Class") in the form of attached Exhibit B; 3) a deadline that all petitions for attorneys' fees, costs and expenses and all opening memoranda in support thereof be filed within twenty-four days after the entry of the Preliminary Approval Order; 4) a deadline that the mailing of Notice to Class in the form of attached Exhibit B be made within fourteen days after the entry of the Preliminary Approval Order; 5) a deadline that the filing of any requests for opting out of the Class and the filing of any objections to the Settlement Agreement or to any petitions for attorneys' fees or for costs and expenses be made within fifty-two days after the entry of the Preliminary Approval Order, said opt-out requests and objections to be made in the form and under the procedures described below at paragraph 8 of

3

interest) on the following dates:

| | | |
|---|---|---|
| 1. | On November 22, 2005 | $230,000.00 |
| 2. | On December 20, 2005 | $178,250.00 |
| 3. | On January 17, 2006 | $176,812.50 |
| 4. | On February 14, 2006 | $175,375.00 |
| 5. | On March 14, 2006 | $173,937.50 |

The $690,000.00 principal balance due and owing after November 22, 2005, shall have a letter of credit in a form acceptable to Plaintiffs which provides that the entire sum remaining including interest shall be due and payable if payment as provided above does not occur on or before the day listed plus attorney fees and costs reasonably required to obtain the payment. (said sum plus all interest, and earnings accrued thereon from the date of said payments being referenced herein as the "Settlement Fund"). The payments to the Claims Administrator shall be made pursuant to an escrow agreement that shall provide that the Settlement Fund and the earnings thereon will be invested in United States Treasury securities with remaining maturities (at the time of purchase) of no less than 89 days and no more than 180 days, except that for purposes of making distributions pursuant to orders of the Court, sufficient funds to make such distributions may, a reasonable time in advance of such distributions, be deposited in or transferred to an interest-bearing demand deposit account with a commercial bank in Chicago, Illinois, and that the Settlement Fund shall otherwise be held, invested and disbursed pursuant to the terms of that certain escrow agreement attached hereto as Exhibit C, and to be used for the purposes set forth in this Settlement Agreement.

5.    In addition, STAMPEDE agrees to pay all costs of administration of the Settlement Fund and Notices to the Class Members in accordance with the agreement of the Claims Administrator.    The Claims Administrator will pay the Attorneys' costs and expenses after approval by the Court on the thirty-second day after entry of the Court's Order establishing the amount of costs and expenses to be awarded.

6.    Within three days after the entry of the Preliminary Approval Order, STAMPEDE shall prepare and provide to counsel for plaintiffs and to the Claims Administrator, at STAMPEDE's sole cost, an Excel spreadsheet containing a list of the name, and last known address of each respective Class Member the time period of each Class Member's employment at STAMPEDE, and an indicator as to whether or not the Class Member is presently an employee of STAMPEDE.    STAMPEDE shall further provide to Class Counsel and the Claims Administrator, during the aforesaid three-day period, a hard-printed copy of the list of Class Members (alphabetized by last name) showing the last known address of each respective Class Member, the time period(s) worked for STAMPEDE,  and whether each respective Class Member is currently employed by STAMPEDE.  (The aforesaid list shall be referenced herein as the "Class List".) Class counsel and the Claims Administrator shall keep the Class list and the information contained therein as Confidential and will not disclose the Class list or the information therein to anyone, except the Claims Administrator may disclose to an individual class member the information in the class list about that individual class member.

7.    The Claims Administrator will prepare a list showing all known class members, their tentative number of shares based on one share for each month or fraction thereof worked for STAMPEDE with the plaintiffs in the FLSA counts having their shares doubled. The list will be prepared based upon information provided by STAMPEDE.  STAMPEDE represents and warrants to the Class and each Class Member that the information that STAMPEDE provided regarding the names of each prospective Class Member and dates of employment are accurate and complete and agrees that this representation and warranty continues after the entry of final judgment in this action.

8.    Within fourteen days after the entry of the Preliminary Approval Order, the

Claims Administrator shall cause a copy of the Notice To Class to be mailed to each person on the Class List at said person's last-known address, in conformity with paragraph 2 of this Settlement Agreement, by first class mail with proper postage prepaid. Within five days after the completion of the aforesaid mailing, the Claims Administrator shall file with the Court a certificate, under oath, that the aforesaid mailing was made in accordance with the requirement of this paragraph and of paragraph 2 of this Settlement Agreement, and the aforesaid certificate shall state the total number of notices mailed. The return address for the aforesaid Notice To Class shall be Claims Administrator, Stampede Litigation, c/o Hochfelder & Weber, P.C. 10 South Riverside Plaza, Suite 1500 Chicago, Illinois, 60606-3802. No more than ninety-eight days and no less than ninety-one days after the entry of the Preliminary Approval Order, the Claims Administrator shall file with the Court a certificate, under oath, stating the number of notices that were returned to the aforesaid post office box as undeliverable. The Claims Administrator shall promptly conduct a skip trace of last known address and Social Security Numbers, using the IFB Infonet from Information For Business or Accurint, to locate any and all persons whose net distribution Notice have been returned as undeliverable, and, upon finding a new address for such person, provide Class Counsel with the new address and promptly issue and mail to such person a replacement notice.

      9.      The Notice To Class shall include a statement that any requests for opting out of the Class and any objection to the Settlement Agreement or to any petitions for attorneys' fees, expenses or costs must be in writing bearing the caption of the Lawsuit, mailed to the Clerk Of The Northern District of Illinois, with a copy to the Claims Administrator at Claims Administrator, Stampede Litigation, c/o Hochfelder & Weber, P.C. 10 South Riverside Plaza, Suite 1500, Chicago, Illinois, 60606-3802, and postmarked on or before the deadline to be set by the Court as described in above paragraph 2, and that any request to opt out or any objection to

the Settlement Agreement that is not made in conformity with these requirements shall be deemed to have been waived. The Claims Administrator shall retain all envelopes in which any request for opting out or any of the aforesaid types of objections is sent to it and any other evidence of the mailing or delivery date of such documents. Not less than sixty-three days and not more than seventy days after the entry of Preliminary Approval Order, the Claims Administrator shall file with the Court, and shall provide Class Counsel and Counsel for STAMPEDE with, copies of all requests for opting out and all of the aforesaid types of objections received by the Claims Administrator together with copies of the envelopes in which such documents were sent or other evidence of the mailing or delivery date.

10.    The copy of the Notice To Class mailed to each Class Member shall also include a conspicuous statement of the tentative number of shares anticipated to be attributed to the Class Member to whom the copy of the notice is mailed. Objections to the number of shares anticipated to be attributed shall be administered and resolved as follows:

a.    Any person who wishes to object to his or her gross amount of anticipated shares   as set out in his or her Notice To Class shall do so by mailing such objection in writing to the Claims Administrator, postmarked within fifty-two days after the Preliminary Approval Order. Any such objection shall identify and be signed by the objecting Class Member and shall set out that the person objects to the number of anticipated shares  stated in the Notice To Class sent to him or her and shall set out the amount of work time on a per month basis during the Class Period listing the beginning and ending date for each time period worked at STAMPEDE that the objecting Class Member contends should have been credited to him or her and shall state the basis for his or her objection and shall identify the documents which support the claim. Any objection of a Class Member to his or her number of tentative shares that is not made in accordance with the foregoing requirements shall be deemed to have been waived. The Claims

8

Administrator shall retain all envelopes in which any objection to the number of tentative shares is sent to it and any other evidence of the mailing or delivery date of such document. Not less than sixty-three days and not more than seventy days after the entry of the Preliminary Approval Order, the Claims Administrator shall file with the Court, and shall provide Class Counsel and Counsel for STAMPEDE with copies of all objections to Class Member number of tentative shares received by the Claims Administrator together with copies of the envelopes in which such documents were sent or other evidence of the mailing or delivery date.

    b.  As soon as practicable after receipt of a duly filed objection to a Class Member's number of tentative shares, Class Counsel and STAMPEDE shall cooperate fully with the Claims Administrator to make a good-faith attempt to resolve the objection with the objecting Class Member.

    c.  Within fourteen days after receipt of a duly filed objection of a Class Member to his or her number of tentative shares, the Claims Administrator shall provide hard copies of all records available to it and records on which it relied with respect to the weeks during which such Class Member worked to counsel for STAMPEDE, to the objecting Class Member and to Class Counsel. In addition, STAMPEDE shall promptly produce to the Claims Administrator, the objecting Class Member and Class Counsel copies of: i) all documents requested to be produced by the Claims Administrator with respect to such Class Member's objection; and ii) all documents that the objecting Class Member or Class Counsel reasonably requests to be produced and that are related to the objection of the Class Member.

    d.  With respect to all objections to number of tentative shares that have not been resolved by informal means within seventy days after the entry of the Preliminary Approval Order, then on the seventieth day after the entry of the Preliminary Approval Order the Claims Administrator shall provide notice to all Class Members whose objections have not by then been

resolved that their objections shall be heard by the Claims Administrator on the date set by the Court pursuant to paragraph 2 of this Settlement Agreement, and that the objecting Class Member may appear before the Claims Administrator on such hearing date in person or by written submissions. The Claims Administrator shall hear and determine all such objections, and the findings and determinations on the computation of Class Member number of tentative shares by the Claims Administrator on such objections shall be final and non-appealable; provided, however, that nothing herein shall preclude an objecting Class Member or Class Counsel from raising issues of law with respect to such findings and determinations before the Court prior to or on the date of the hearing on final approval of the Settlement Agreement.

e.      Within ninety-eight days after the Preliminary Approval Order, the Claims Administrator shall make written findings with respect to each person who has filed an objection as to his or her Class Member number of tentative shares and shall serve such findings by overnight delivery upon the objecting Class Member, Class Counsel and counsel for STAMPEDE and shall file such findings with the Court.

11.     Within ninety-eight days after the Preliminary Approval Order, the Claims Administrator shall modify the Credited Class List and shall create a "Modified Credited Class List" by: 1) excluding from the Credited Class List those persons (and related data) who have duly requested to be excluded from the Class;  2) making any adjustments to Class Member number of tentative shares  required by any determination made by the Claims Administrator pursuant to paragraph 10 of this Settlement Agreement; and 3) recomputing the sums of data of all persons on the Credited Class List as modified by the foregoing items (1) - (2).  Within the aforesaid ninety-eight-day period, the Claims Administrator shall also file an electronic  copy of the Modified Credited Class List excluding addresses, certified by the Claims Administrator to be correct and accurate, with the Court, and the Claims Administrator shall serve by messenger

or overnight delivery hard-printed and disk copies of the Modified Credited Class List, certified by the Claims Administrator to be correct and accurate, on Class Counsel and counsel for STAMPEDE. Class counsel and the Claims Administrator shall keep the Modified Credited Class List confidential and the information contained therein as confidential and will not disclose that information to anyone other than the Court, except the Claims Administrator may disclose to an individual class member the information in the Modified Credited Class List about that individual class member.

12. Within one hundred five days after the entry of the Preliminary Approval Order, Class Counsel shall file a motion before the Court seeking, upon the hearing for final approval of the Settlement Agreement, an order: 1) excluding from the Class each person who has duly requested to be excluded from the Class; and 2) approving, for purposes of calculating and making distributions under the terms of this Settlement Agreement, a list of Class Member number of tentative shares for all Class Members. Class Counsel shall provide a copy of the order disposing of such motion to the Claims Administrator within one business day after the date of such order. As used in this Settlement Agreement, with respect to all events, consequences, and operations intended to follow the approval of a Modified Credited Class List, the terms "Class" or "Class Member" shall mean and refer only to those persons on the Modified Credited Class List.

13. Distributions to Class Members under this Settlement Agreement shall be made as follows:

a. The term "Finality Date" as used herein shall mean the date on which the Court's orders granting final approval of this Settlement Agreement, approving a list of Class Members and number of shares for purposes of calculating and distributing settlement funds to Class Members, awarding attorneys' fees and costs and expenses, and ruling on plaintiffs'

11

petitions for incentive awards become final and no longer subject to timely appeal (but not prior to the date of the final disposition of any and all timely appeals). Class Counsel shall advise the Claims Administrator of the Finality Date within one business day of the Finality Date.

        b.      The term "Available Funds" as used herein shall mean the amount equal to and determined by the following formula:

        i.      Settlement Fund

        ii.      Plus all interest and earnings, if any, accrued on the Settlement Fund until the date on which the Court enters its order determining attorneys' fees and costs and expenses (whether or not such order is appealed)

        iii.      Less all amounts awarded by the Court as class representatives awards, attorneys' fees, and costs and expenses including interest thereon as determined by the Claims Administrator

        iv.      Less all amounts allocable to any person who duly requested to be excluded from the class. These funds shall be known as the "opt-out funds" which are attributable to the value of the shares at the time the final share distribution value is determined of those people who opt-out of the class and commence their own lawsuit for the claims made in this law suit, so long as the claims in whole or in part are for the same time period, July 3, 1999 through June 30, 2005. The Claims Administrator shall retain all opt-out funds. Whenever Defendants display to the Class Administrator satisfaction that one or more of them has been sued by an opt-out person for claims made in this lawsuit provided the claim in whole or in part is for the same time period (July 3, 1999 through June 30, 2005), then the value of that opt-out person's final shares shall be paid to the defendants. This opt-out claim procedure shall continue until December 31, 2006. Class Counsel shall be advised of all opt-out claims and payouts.

        v.      Plus all interest and earnings, if any, accrued on the Adjusted Settlement Fund between the date on which the Court enters its order determining attorneys' fees, costs and expenses and the Finality Date (said amount of interest and earnings being referenced herein as "Excess Interest").

(The result of the foregoing five steps shall be referenced herein as the "Adjusted Settlement Fund")

        c.      Within three business days following the Finality Date, the Claims Administrator shall determine the Available Funds and shall disclose such amount to Class Counsel and counsel for STAMPEDE in a writing to be transmitted by telefacsimile and first

class mail.

     d.     The Claims Administrator shall total the shares finally attributed to each class member and divide the Available Funds by that total to obtain the share distribution value. The total to be distributed to each class member will be derived by multiplying the class member's shares by the share distribution value.

     e.     The parties hereby allocate and designate an amount up to $596,737.12 (the net settlement without interest) to be distributed to the class. The value of the number of final shares calculated for each class member is to be subject to regular payroll deductions with the balance, if any, of the individual's total calculated by multiplying their shares by the share distribution value is to be distributed to each class member as interest and, if applicable, FLSA settlement payment which are not subject to payroll deductions. On the amount subject to regular payroll deductions, STAMPEDE shall add it to the employees' other earnings in 2006 and issue a Form W-2 for said amount. On the interest/FLSA settlement payment, STAMPEDE shall provide each Class Member a Form 1099.

     f.     Within eleven business days after the Finality Date, the Claims Administrator shall: 1) compute for each Class Member his or her "Gross Distribution", which shall be computed as provided above, compute all payroll and withholding taxes required by law to be deducted from the portion of the Gross Distribution allocated as wages (the parties agreeing that, absent any requirement of the law to do otherwise, withholding for federal income taxes shall be at the rate of 28% and withholding for state income taxes shall be at the rate of 3% of the portion of the Gross Distribution allocated as wages); 3) prepare two checks for each Class Member, if necessary (referenced herein as the "Net Distribution Checks"), one check being in payment of wages (net of payroll and withholding taxes as described in above subparagraph 13(e)) and one check being in payment of interest and FLSA settlement payment, allocated as set

forth in above paragraph 13(e), along with hard-copy statements of each respective Class Member's Gross Distribution, the allocation of the Gross Distribution between wages, interest and FLSA settlement payment, and all payroll and other withholding deductions made from such Class Member's Gross Distribution; 4) pay to STAMPEDE from the Settlement Fund an amount equal to the sum of the payroll and other withholding deductions made from the Gross Distributions of all Class Members solely for the purpose of STAMPEDE depositing such payroll and other withholding deductions with the appropriate government agencies; 5) mail the Net Distribution Checks and associated statements of deductions due to each respective Class Member at his or her last known address; and 6) provide to Class Counsel and counsel for STAMPEDE a computerized and hard copy report of the amounts of each Class Members' Gross Distribution, payroll and withholding deductions (stating the amount of each type of deduction), Net Distribution Check for wages, and Net Distribution Check for interest and FLSA settlement payment. If the Claims Administrator was not able to obtain an effective delivery of the class notice on a class member in accordance with Paragraph 8 of the Settlement Agreement, the Claims Administrator shall not be required to remit a Net Distribution Check to that class member. Those class members' payroll checks will be treated as unclaimed property in accordance with Paragraph 15 of the Settlement Agreement unless the Claims Administrator can locate a class member through skip-tracing or otherwise and the interest thereon revert back to the unallocated Fund.

g. STAMPEDE shall deposit with the appropriate government agency all deductions made from the Gross Distributions of all Class Members, file all appropriate tax returns relating to all distributions made pursuant to this Settlement Agreement and provide each Class Member with appropriate information (whether on a Form W-2 or on a Form 1099 or otherwise) as may be required by law with respect to any and all distributions made to a Class

14

Member pursuant to this Settlement Agreement.

        h.      STAMPEDE shall be responsible for paying, from funds other than the Settlement Fund, all taxes imposed by applicable law on an employer with respect to any distribution made to a Class Member under this Settlement Agreement.

        i.      Within five days after the completion of the above-described mailing and delivery of the Net Distribution Checks, the Claims Administrator shall file with the Court an affidavit setting out the total number of Net Distribution Checks mailed by it, and the respective sums of the Gross Distributions and Net Distribution Checks made to all Class Members.

        j.      The return address on the envelopes covering all distributions shall be Claims Administrator, STAMPEDE Litigation, c/o Hochfelder & Weber, P.C. 10 South Riverside Plaza, Suite 1500 Chicago, Illinois, 60606-3802. Not less than once every thirty days, the Claims Administrator shall provide Class Counsel and counsel for STAMPEDE with a list of Class Members whose Net Distribution Checks were returned as undeliverable. The Claims Administrator shall promptly conduct a skip trace of last known address and Social Security Numbers, using the IFB Infonet from Information For Business or Accurint, to locate any and all persons whose Net Distribution Checks have been returned as undeliverable, and, upon finding a new address for such person, provide Class Counsel with the new address and promptly issue and mail to such person a replacement check in accordance with subparagraph 13(j).

        k.      Upon written notice of a lost, stale (i.e., more than sixty days old), misplaced, or stolen distribution check, or upon obtaining a new address for a Class Member pursuant to above subparagraph 13(j) or otherwise, the Claims Administrator shall, up to six months from the date of the initial mailing of Net Distribution Checks, promptly issue a replacement check.

l.      Upon presentation of letters of administration with respect to an estate of a deceased, disabled or incompetent Class Member or other sufficient evidence of personal representation, the Claims Administrator shall promptly provide such representative with Net Distribution Checks for the Class Member (or replacement Net Distribution Checks as the circumstances may require) without charge and shall provide Class Counsel with the name, address, and office of the personal representative and the name of the Class Member for whom a letter of administration or other evidence of personal representation has been presented.

m.      All initial Distribution Checks shall bear a prominent legend that the check must be cashed on or before a date certain which shall not be more than 6 months from the date of the initial mailing of Net Distribution Checks. If a check is not cashed within six months after the date of the initial mailing of Net Distribution Checks, then the Claimant's right to payment shall be terminated.

n.      Not less than once every thirty days after the initial mailing of Net Distribution Checks, the Claims Administrator shall provide Class Counsel and counsel for STAMPEDE with a list of Class Members whose Net Distribution Checks have not by then been cashed or presented for payment. The aforesaid list shall include the name, last known address, Gross Distribution amount and Net Distribution Check amounts for each Class Member whose Net Distribution Checks have not by then been cashed or presented for payment. If Class Counsel incur any expense, including a reasonable fee for lawyer or paralegal time spent, in locating or contacting any Class Member with respect to the failure to cash a Net Distribution Check, such expense or fee shall be recoverable upon petition to the Court and payable from any balance remaining in the Settlement Fund following the last day for cashing Net Distribution Checks.

o.      Within fifteen days after the last day for cashing Net Distribution Checks,

the Claims Administrator shall provide Class Counsel and counsel for STAMPEDE with a list of all persons whose Net Distribution Checks have not by then been cashed or presented for payment, including a statement of the total amount of Net Distribution Checks that were not cashed or presented for payment.

14. The term "Administrative Expenses" shall mean and include all costs of disbursing the Settlement Fund, including, but not limited to, the cost of the Claims Administrator, costs of printing the class notice, all costs of mailing the class notice, all other expenses incurred in giving class notice, the fees of any escrow agent, the cost of bond or other insurance of the escrow agent, all bank fees incurred in the administration of any settlement funds, all costs related to the computations of Class Members' distributions of settlement funds, all costs related to the reporting, preparation and mailing of distributions of settlement funds to Class Members, the cost of locating missing Class Members after the mailing of distributions, all fees and charges of the Claims Administrator, and any other expenses that the Court determines to be an expense reasonably necessary for the administration of the settlement of the Lawsuit. STAMPEDE, at its sole cost and in addition to funds deposited by it into the Settlement Fund, shall promptly pay all Administrative Expenses as they are incurred.

15. If, upon the close of the period for cashing Net Distribution Checks pursuant to paragraph 13(l), any person has not cashed either or both of his or her Net Distribution Checks, then, with respect to each such person, the Claims Administrator shall deposit the amount of such payroll Net Distribution Checks as unclaimed property with the appropriate State agency for the benefit of such person with the money in interest checks reverting back to the unallocated Fund. Upon the deposit of monies as unclaimed property with a State agency for the benefit of a class member, such class member shall have no right to claim against STAMPEDE or against the Settlement Fund for any such monies so deposited with the State agency.

16. In addition to any and all duties otherwise required of the Claims Administrator in the Settlement Agreement, the Claims Administrator shall also perform the following duties:

a. At least once every thirty days during the period commencing with the mailing of the Notice Of Class Action Pendency And Of Class Action Settlement Agreement and the date of the hearing on final approval of this Settlement Agreement, the Claims Administrator shall provide Class Counsel and counsel for STAMPEDE with an alphabetized (by last name) list, together with last known addresses, of all Class Members whose Notice Of Class Action Pendency And Of Class Action Settlement Agreement was returned as undeliverable and shall further provide such counsel with all information available to the Claims Administrator concerning new addresses of Class Members.

b. At least once every fourteen days, the Claims Administrator shall provide Class Counsel and counsel for STAMPEDE with copies of all mail received by the Claims Administrator at c/o Hochfelder & Weber, P.C. 10 South Riverside, Suite 1500 Chicago, Illinois 60606-3802 since the prior distribution of such copies of mail to said counsel.

c. Upon the request of Class Counsel or counsel for STAMPEDE, and as soon as practicable after such request, the Claims Administrator shall provide such counsel with copies of any mail received by the Claims Administrator and designated (either by item or type) by such counsel, whether or not copies of such mail have previously been provided to counsel.

d. Upon the request of Class Counsel or counsel for STAMPEDE, and as soon as practicable after such request, the Claims Administrator shall provide such counsel with copies of any data or work product designated (either by item or type) by such counsel and in the custody, control or possession of the Claims Administrator.

17. Counsel for plaintiffs and the Class shall seek from the Court an award of attorneys' fees, costs and expenses to be paid from the Settlement Fund. As to costs and

expenses, the parties agree that the amount payable to Jac A. Cotiguala & Associates and to Caffarelli & Siegel is $3,898.82, subject to Court approval. STAMPEDE agrees not to contest class counsels' attorney fee petition provided it does not exceed one-third (1/3) of the Settlement Fund. The parties agree to request that the Court include in the order awarding attorneys' fees, and costs and expenses a finding by the Court that there is no just reason to delay enforcement or appeal of the order awarding attorneys' fees and costs and expenses. Upon any order awarding attorneys' fees and costs and expenses becoming final and no longer subject to timely appeal and upon presentation of a copy of such order to the Claims Administrator, the Claims Administrator shall promptly pay the amounts of such awarded attorneys' fees, costs and expenses, plus an amount determined by the Claims Administrator in good faith to be the pro rata amount of interest and earnings earned by the amounts in the Settlement Fund to the date of payment of such award of attorneys' fees and costs and expenses and allocable to such amount of awarded attorneys' fees and costs and expenses.

18.     Upon completion of the administration of the Settlement Agreement as set forth above, the claims administrator shall continue to hold and invest the balance until December 31, 2006. It is contemplated that the balance on January 1, 2007 will be composed of unallocated interest, allocated interest to class members who were not located within the six month distribution process and the value of the share of opt-outs who Defendant has not satisfactorily informed the Claims Administrator that they sued STAMPEDE, pursuant to an order that may be sought by motion by any party, all amounts then remaining in the Settlement Fund shall be paid to STAMPEDE to be used for the benefit of the workers in the non-office part of the facility. The five class members working for STAMPEDE on January 1, 2007 with the most longevity at STAMPEDE shall decide how the balance will be spent, with plaintiffs' attorney receiving written notice of the proposed expenditures at least 14 days before the money is taken

from the Escrow. To the extent the decision includes equipment or furniture into STAMPEDE's facility, prior approval from the Company is required. Any remaining balance will be paid to the American Red Cross.

19. STAMPEDE agrees not to retaliate in any way nor to take any adverse action against any Class Member by reason of the bringing or prosecution of the Lawsuit or of the making or enforcement of the Settlement Agreement or in any way asserting his or her entitlement to overtime pay. Any rights created under this paragraph shall be in addition to, and shall not limit in any way, any rights of any Class Member under applicable law. Any claim for a violation or for enforcement of the terms of this paragraph shall be brought in a proceeding independent of the Lawsuit and in a court of competent jurisdiction, and Class Counsel shall have no obligation to represent any individual Class Member in connection with any such claim or possible claim. Furthermore, STAMPEDE states that it is in compliance and agrees to continue to comply with the state and federal wage and hour laws in the future.

20. Upon a final order approving the Settlement Agreement becoming no longer subject to timely appeal, plaintiffs and all members of the Class and each of their respective executors, representatives, guardians, custodians, predecessors, successors, employees, agents, attorneys, and assigns hereby release, extinguish and forever discharge, and will be deemed to have released, to have extinguished and to have forever discharged STAMPEDE of and from any and all liabilities, demands, claims, disputes, charges, actions, arbitrations, manners or causes of action and legal proceedings of any type that satisfy each and all of the following conditions: 1) that assert a claim under the Federal Fair Labor Standards Act, or the Illinois Minimum Wage Law or the Illinois Wage Payment and Collection Act; and 2) that were the subject matter of the Lawsuit including, but not limited to, claims relating to STAMPEDE's rounding policy or claims for unpaid time for donning or doffing safety equipment; and 3) that any of the foregoing has as

of the date of this Settlement Agreement against STAMPEDE. All Class Members who receive distributions in this lawsuit agree that all such distributions will be a credit and offset in any future FLSA litigation filed by them against the defendants for the same time period involved in this case.

21.     If any person objects to or appeals from certification of a class or approval of this Settlement Agreement, all parties to this Settlement Agreement shall support and defend the propriety of class certification and approval of this Settlement Agreement.

22.     If the Settlement Agreement is not preliminarily or finally approved, whether by reason of an order of the Court or of any appellate court or for any other reason, then the release contained herein shall be null and void; any and all further undertakings of the parties under this Settlement Agreement shall be excused; and all amounts in the Settlement Fund (the Settlement Fund including, as defined above, all interest earned on the amount initially deposited into the Settlement Fund) shall be returned to STAMPEDE; but STAMPEDE shall remain liable to pay all Administrative Expenses that shall have been incurred to the date of final and non-appealable rejection of the Settlement Agreement plus any Administrative Expenses reasonably necessary to the winding up of any settlement activities.

23.     The parties shall seek as part of the motion for final approval of the Settlement Agreement an order in the form of attached Exhibit D, which shall provide for the determinations on petitions for awards of attorneys' fees, and costs and expenses; and shall further provide that the Class Members and named plaintiffs shall have no right to any part of the awarded attorneys' fees, and costs and expenses; and shall further provide for the dismissal of the Lawsuit with prejudice, reserving jurisdiction for the purposes of enforcing the Settlement Agreement; and shall further provide for a finding that there is no just reason to delay enforcement or appeal of such final judgment.

24.     Where notice is required to be provided to Class Counsel or to counsel for STAMPEDE or to the Claims Administrator, or where materials are required to be sent to Class Counsel or to counsel for STAMPEDE or to the Claims Administrator, then such requirements shall be satisfied by providing such notice or sending such materials to:

in the case of STAMPEDE:                    in the case of Class Counsel:

Michael E. Barry                            Jac A. Cotiguala
Gardner Carton & Douglas                    Jac A. Cotiguala & Associates
191 North Wacker Drive, Suite 3700          431 South Dearborn Street, Suite 606
Chicago, Illinois 60606                     Chicago, Illinois 60605
Phone: (312) 569-1351                       Phone: (312) 939-2100
Fax: (312) 569-3351                         Fax: (312) 939-2200

in the case of the
Claims Administrator:

Hochfelder & Weber, P.C
Attn: Florian Kordas
10 South Riverside Plaza, Suite 1500
Chicago, Illinois 60606-3802
Phone: (312) 715-0101
Fax: (312) 715-1512

25.     If any part, subpart, section, paragraph, subparagraph, sentence or clause of this Settlement Agreement or the application of same to any person or circumstance is, for any reason, judged by any court to be unenforceable or contrary to law, or if the enactment or amendment of any federal or state statute, order, ordinance or regulation renders any provision of this Settlement Agreement unenforceable or contrary to law, such judgment, enactment or amendment shall not affect, impair or invalidate the remainder of this Settlement Agreement, provided that such portion of this Settlement Agreement that has or may become unenforceable

is not a material part or the essence of any party's bargain hereunder.

26.     The promises, agreements, obligations, undertakings, representations, and warranties set out herein shall survive the closing of this Settlement Agreement, the releases contained herein, and the judgment of dismissal to be entered in the Lawsuit.

27.     Neither the making of this Settlement Agreement nor anything stated in this Settlement Agreement shall be construed or used as an admission by STAMPEDE of any fact alleged by the plaintiffs or the Class in the Lawsuit or of the merits of any claim of liability in the Lawsuit. STAMPEDE expressly denying all such facts and claims of liability. Neither the making of this Settlement Agreement nor anything stated in this Settlement Agreement shall be construed or used as an admission by any named plaintiff or Class Member of any fact alleged by STAMPEDE in the Lawsuit or of the merits of any defense in the Lawsuit, plaintiffs and the Class expressly denying all such facts and claims of defense. The Settlement Agreement shall not constitute evidence of any violation by STAMPEDE of any law, state or federal. The Settlement Agreement shall not be admissible in any case other than: 1) in this Lawsuit; or 2) in any action or proceeding for enforcement of this Settlement Agreement; or 3) in any action or proceeding claiming a violation of this Settlement Agreement; or 4) as a defense to any claims released by this Settlement Agreement.

28.     This Settlement Agreement and the attachments hereto constitute the entire agreement of the parties and may not be altered or amended except by a written instrument that has been approved by an order of the District Court of the Northern District of Illinois.

29.     The person signing this Settlement Agreement on behalf of STAMPEDE certifies that he or she has authority to execute this Settlement Agreement on behalf of STAMPEDE. The person signing this Settlement Agreement on behalf of the plaintiffs certifies that he or she has authority to execute this Settlement Agreement on behalf of the named plaintiffs and the class.

STAMPEDE MEAT, INC.,                          Alejandra Sanchez, Alejandra Vazquez

By Its: _Pres̗ident_

Edward Ligas

and Virgilio Velez

By: _____
One of the attorneys for
Plaintiffs and the Class

Nov 15 2005 3:08PM    HP LASERJET 3330                                    p.3

## ASSENT OF CLAIMS ADMINISTRATOR

I, Florian Kordas of Hochfelder & Weber, state that I am one of the partners of Hochfelder & Weber, P.C., and that Hochfelder & Weber, P.C., agrees to act as the Claims Administrator of the foregoing Class Action Settlement Agreement and to perform all acts required of it under this agreement.

Hochfelder & Weber, P.C.
10 South Riverside Plaza
Suite 1500
Chicago, Illinois 60606-3802

By: _____
Florian Kordas

CH02/ 22418656.1

25

Nov 17 2005 10:31AM  HOCHFELDER WEBER PC        3125151515                p.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALEJANDRA SANCHEZ, individually,       )
ALEJANDRA VAZQUEZ individually          )
and VIRGILIO VELEZ individually,        )
and on behalf of a class of employees   )
similarly situated and ALEJANDRA        )
SANCHEZ, ALEJANDRA VAZQUEZ,             )
and VIRGILIO VELEZ all individually     )
as to Count III and IV,                 )        Judge Nordberg
                Plaintiffs,        )        Magistrate Judge Valdez
                             )
            v.                      )        Case No.  02 C 5452
                             )
STAMPEDE MEAT, INC.                     )
An Illinois corporation, and           )
EDWARD LIGAS, individually             )
                             )
            Defendants.             )

ORDER GRANTING MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

This matter coming before the Court on Plaintiffs' Motion For Preliminary Approval Of

Class Action Settlement Agreement And Approval Of Notice, the parties by their counsel having

appeared before the Court and having stipulated to the relief sought in the motion, and the Court

having reviewed the motion and otherwise having been fully advised in the premises, it is hereby

ordered that the motion is granted and:

1. Preliminary approval is hereby given for the class action settlement agreement entered

into on _____, 2005, and attached hereto as Exhibit 1 (said agreement being

referenced herein as the "Settlement Agreement"), the Court preliminarily finding that the

Settlement Agreement appears to be fair, adequate, reasonable, and in the best interests of the



class.

2.    In accordance with and subject to the Terms of the Settlement Agreement, STAMPEDE shall pay to the Claims Administrator the sum of $920,000.00 in installments beginning on November 22, 2005 and concluding on March 14, 2006 as provided in the Settlement Agreement.

3.    The accounting firm of Hochfelder & Weber, P.C of Chicago, Illinois, and Florian Kordas, a member of said accounting firm (collectively referenced herein as the "Claims Administrator"), are hereby appointed as the claims administrator for the administration of the Settlement Agreement.

4.    The Court approves the mailing of the Notice Of Pendency Of Class Action, Class Certification Of The State Law Count, Class Action Settlement Agreement And Of Hearing Thereon, in the form of Exhibit B to attached Exhibit 1, to be sent by first class mail, the Court finding that such notice is the best notice practicable. Defendant STAMPEDE MEAT, INC. (referenced herein as "STAMPEDE") shall provide the Claims Administrator and counsel for plaintiffs and the class with the Class List described at paragraph 6 of attached Exhibit 1 within three days after the entry of this order. The Claims Administrator shall mail a copy of the class notice in conformity with the terms of paragraph 8 of attached Exhibit 1 to each and every member of the class within fourteen days after the date of this order. Within five days after the completion of the aforesaid mailing, the Claims Administrator shall file with the Court a certificate, under oath, that the aforesaid mailing was made in accordance with the requirement of this order, and the aforesaid certificate shall state the total number of notices mailed.

5. Any and all petitions for attorneys' fees, costs and expenses and any and all petitions for plaintiffs' incentive awards and any supporting memoranda shall be filed within twenty-four days after the date of this order.

6. All requests to opt out of the Class and all objections to the Settlement Agreement and all objections to any petitions for attorneys' fees, costs and expenses and for plaintiffs' incentive awards shall be made in writing, bearing the caption of this case, and shall be filed with the Clerk of the Court within fifty-two days after the date of this order or mailed to the Clerk of the Court and postmarked within fifty-two days after the date of this order, with copies mailed to the Claims Administrator, STAMPEDE Litigation, c/o Hochfelder & Weber, P.C. 10 South Riverside Plaza, Suite 1500, Chicago, Illinois, 60606-3802, and postmarked within fifty-two days after the date of this order. Any request to opt out of the Class or any objection to the Settlement Agreement or any objection to any petition for attorneys' fees or to any petition by a named plaintiff for an incentive award that is not made in conformity with these requirements shall be deemed to have been waived.

7. Any objection by a Class Member to his or her payment, as described in attached Exhibit 1, shall be made in writing, bearing the caption of this case, and shall be filed with the Clerk of the Court within fifty-two days after the date of this order or mailed to the Clerk of the Court and postmarked within fifty-two days after the date of this order, with copies mailed to the Claims Administrator, STAMPEDE Litigation, c/o Hochfelder & Weber, P.C. 10 South Riverside Plaza, Suite 1500 Chicago, Illinois, 60606-3802, and postmarked within fifty-two days

after the date of this order. Any such objection shall identify and be signed by the objecting Class Member and shall set out that the person objects to the payment stated in the Notice Of Pendency Of Class Action, Class Certification Of The State Law Count, Class Action Settlement Agreement And Of Hearing Thereon sent to him or her and shall set out the amount of overtime on a per week basis during the Class Period that the objecting Class Member contends should have been paid to him or her and shall state the basis for his or her objection. Any objection of a Class Member to his or her payment that is not made in accordance with the foregoing requirements shall be deemed to have been waived.

8. No less than sixty-three days and no more than seventy days after the entry of this order, the Claims Administrator shall file with the Court copies of all of the following documents received by it together with copies of the envelopes in which such documents arrived: requests to opt out of the Class; all objections to the Settlement Agreement and to any petitions for attorneys' fees and costs and expenses; and all objections to Class Member payment.

9. No more than ninety-eight days and no less than ninety-one days after the entry of this order, the Claims Administrator shall file with the Court a certificate, under oath, stating the number of Notices Of Pendency Of Class Action that were returned to it as undeliverable and the number of Class Members for whom new addresses were obtained and new notices mailed.

10. The Claims Administrator shall hear all objections to Class Member payment, upon written notice of such hearing given to the objecting Class Members and to Class Counsel and counsel for STAMPEDE, said notice to be mailed seventy days after the entry of this order, and said hearing to be held at the offices of Hochfelder & Weber, P.C. 10 South Riverside Plaza,

4

Suite 1500  Chicago, Illinois 60606-3802 on <u>no less than eighty-four (84) days and no more than</u> <u>ninety-one (91)days after the entry of this Order</u>.  Within ninety-eight days after the entry of this order, the Claims Administrator shall make written findings with respect to each person who has filed an objection as to his or her Class Member payment and shall serve such findings by overnight delivery upon the objecting Class Member, Class Counsel and counsel for STAMPEDE and shall file such findings with the Court.

11.  All reply memoranda in support of the Settlement Agreement or in support of petitions for attorneys' fees or costs and expenses shall be filed within ninety-eight days after the entry of this order.

12.  This matter is set for a hearing before this Court on final approval of the Settlement Agreement and on all petitions for attorneys' fees, costs and expenses and for plaintiffs' incentive awards on _____, 2006, at ___:___ ___.m. without further notice.

13.  Any deadline set by the foregoing terms of this Order that falls on a Saturday, Sunday or Court holiday shall be extended to the next day on which the Court is open.

Date: _____        ENTER: _____
                                            Honorable Maria G. Valdez,
                                            Magistrate Judge Presiding

Jac A. Cotiguala
One of the attorneys for plaintiffs
431 South Dearborn Street
Suite 606
Chicago, Illinois  60605
(312) 939-2100
CHI1  CC418663.1

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALEJANDRA SANCHEZ, individually,        )
ALEJANDRA VAZQUEZ individually          )
and VIRGILIO VELEZ individually,        )
and on behalf of a class of employees   )
similarly situated and ALEJANDRA        )
SANCHEZ, ALEJANDRA VAZQUEZ,             )
and VIRGILIO VELEZ all individually     )
as to Count III and IV,                 )      Judge Nordberg
        Plaintiffs,              )      Magistrate Judge Valdez
                                        )
     v.                                )      Case No. 02 C 5452
                                        )
STAMPEDE MEAT, INC.                     )
An Illinois corporation, and            )
EDWARD LIGAS, individually,             )
                                        )
        Defendants.              )

NOTICE OF PENDENCY OF CLASS ACTION, CLASS CERTIFICATION
OF THE STATE LAW COUNT, OF CLASS ACTION
SETTLEMENT AGREEMENT AND OF HEARING THEREON

      PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE LAWSUIT DESCRIBED BELOW, WHICH IS NOW PENDING IN THIS COURT.

      ON JANUARY 13, 2005, JUDGE JOHN A. NORDBERG CERTIFIED THE CLASS OF WORKERS AS TO THE ILLINOIS LAW CLAIMS (COUNTS I AND II).

      YOU HAVE BEEN IDENTIFIED AS A CLASS MEMBER IN THE FOLLOWING CLASS ACTION CASE BEING RESOLVED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION (REFERENCED AS THE "LAWSUIT"): SANCHEZ, ET AL. V. STAMPEDE MEAT, INC., ET AL., CASE NO. 02 C 5452, INVOLVING CLAIMS AGAINST DEFENDANTS STAMPEDE MEAT, INC. and EDWARD LIGAS, (COLLECTIVELY REFERENCED HEREIN AS "STAMPEDE") UNDER THE ILLINOIS MINIMUM WAGE LAW

      THE PARTIES TO THE LAWSUIT HAVE ENTERED INTO A SETTLEMENT AGREEMENT (THE "SETTLEMENT AGREEMENT"), AND ALL CLASS MEMBERS ARE ELIGIBLE TO SHARE IN THE SETTLEMENT FUND CREATED BY THE SETTLEMENT AGREEMENT. THE SETTLEMENT AGREEMENT IS SUBJECT TO FINAL COURT APPROVAL AND THIS NOTICE EXPLAINS YOUR RIGHTS WITH RESPECT TO THE PROCESS FOR

EXHIBIT

_B_

OBTAINING JUDICIAL APPROVAL OR REJECTION OF THE SETTLEMENT AGREEMENT, FOR CONTINUED PARTICIPATION IN THE CASE AS A CLASS MEMBER AND FOR PARTICIPATING IN THE SETTLEMENT. THIS NOTICE ALSO EXPLAINS THE EFFECT OF THE PENDENCY OF THE CLASS ACTION AND OF THE SETTLEMENT ON YOUR RIGHTS.

1. Persons who meet the following requirements are members of the class:

All present and former persons who were employed in the Chicago or Oak Lawn or both facilities of Stampede Meat, Inc. during the time period July 3, 1999 to June 30, 2005 on an hourly wage basis.

2. Notice is hereby given that on _____, 2006 at _____.m., a hearing will be held before the Honorable Maria G. Valdez or any other Judge sitting in her stead, in Room 1300 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois. The purpose of this hearing is for the Court to consider and to rule on: 1) the fairness, reasonableness and adequacy of the proposed Settlement Agreement; and 2) petitions for attorneys' fees, and costs and expenses in this case.

3. The full terms of the proposed settlement are set forth in the parties' Class Action Settlement Agreement, which is on file with the Clerk of the Court. This notice generally describes the case and the terms of the Settlement Agreement, but the Settlement Agreement itself is the controlling settlement document.

4. On July 3, 2002, Alejandra Sanchez, Alejandra Vazquez and Virgilio Velez ("Class Representatives") filed a complaint on behalf of themselves and a class of all other current or former employees of Stampede alleging that Stampede failed to comply with the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, Illinois Wage Payment and Collection Act, 820 ILCS 115/1, and the federal Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (referenced herein as "FLSA").

5. The following attorneys have represented the class in the Lawsuit: Jac A. Cotiguala, Luanne M. Galovich and the law firm of Jac A. Cotiguala & Associates and Marc Siegel and Alejandro Caffarelli and the law firm of Caffarelli & Siegel.

6. If you do not wish to participate in this class action or in the settlement of this case, you may exclude yourself from this case by sending a written statement of election to opt out of the case to the Clerk of the Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, with a copy mailed to Florian Kordas, Hochfelder & Weber, P.C. , 10 South Riverside Plaza, Suite 1500, Chicago, IL 60606-3802. If you wish to opt out of this case, your written statement must be filed with the Clerk of

the Court or be **postmarked prior to** _____**2005**, must bear the caption of the case as set out on the first page of this notice, must clearly indicate that you wish to opt out of the class and must be signed by you. If you opt out of this case, you will not be allowed to participate in the Settlement Fund created by the Settlement Agreement (described below at paragraph 8), you will not be bound by the Settlement Agreement or by the judgment in this case, and you may present any claims that you have against the defendant in a separate suit.

       7.     If you do not opt out of the Lawsuit within the above time limits you will be bound by the result and judgment in the Lawsuit, whether or not the Settlement Agreement is approved. If you do not opt out of the Lawsuit, you will be represented by Class Counsel. However, you may still seek the advice and guidance of your own attorney at your own cost and you may seek to intervene in the lawsuit through your attorney or on your own.

       8.     The Settlement Agreement provides that after final approval of the Settlement Agreement, Stampede will pay $920,000.00 as hereinafter described and more fully set forth in the Settlement Agreement, which represents a lump sum payment for all claims, and attorneys' fees and costs, thereby creating the Settlement Fund in this case. The amount of money available to pay class members will be the amount of $920,000.00 less Court approved expenses of litigation, class representative awards, amounts allocated for employees who opt out, and attorneys' fees allowed by the Court. Defendants have also agreed to pay separately all further costs and expenses of litigation approved by the Court including disbursement to class members.

       9.     Under the Settlement Agreement, distributions from the Settlement Fund will be made to the class and to the class representatives who also brought suit in the FLSA Counts.

The $920,000.00 is tentatively to be disbursed as follows:

a.     Class Representative awards of $7,000.00 each to Alejandra Sanchez, Alejandra Vazquez and Virgilio Velez.

b.     Expenses of litigation, including filing complaint, service of summons, depositions and photocopying of necessary documents totaling $3,898.82 .

c.     Attorneys' fees to class counsel in the amount of one-third (33-1/3%) of the amount to be paid by Stampede to the plaintiffs and class members in this case, which is estimated to be $298,367.06.

d.     The balance of $596,734.12 less employee's FICA and state and federal taxes on the amount apportioned as subject to payroll taxes (excluding FLSA settlement payment), is to be distributed to the class based upon each class member's length of employment at

Stampede during the class period of July 3, 1999 to June 30, 2005. In addition, the class representatives will receive FLSA settlement payment. Every class member who does not opt-out shall receive 1 share for every month or part thereof he/she worked for Stampede. The FLSA plaintiffs shall have their shares doubled for the FLSA counts.

The parties have agreed that all of the amounts to be distributed to class members shall be treated as underpaid premium pay for which all applicable withholdings shall be taken except for interest earned on the principal which shall be seperately paid without withholding. As to those class members who are also in the FLSA counts, 50% shall be treated as pay and 50% as interest and penalties.

10.

**BASED ON INFORMATION PROVIDED BY STAMPEDE, THE PARTIES HAVE TENTATIVELY DETERMINED THAT AS A MEMBER OF THE CLASS WHO WORKED FOR STAMPEDE DURING THE CLASS PERIOD OF JULY 3, 1999 THROUGH JUNE 30, 2005, THAT YOU WORKED DURING THAT TIME PERIOD. ATTACHED TO YOUR NOTICE IS YOUR TENTATIVE NUMBER OF SHARES. IT CONTAINS YOUR NAME AND TENTATIVE SHARES. FOR EACH MONTH OR FRACTION THEREOF WORKED DURING THE CLASS PERIOD YOU WILL RECEIVE 1 SHARE. THERE ARE TENTATIVELY _____ SHARES WHICH ARE SUBJECT TO INCREASE BY VALID OBJECTION AND DECREASE BY OPT OUTS. THE ACTUAL AMOUNT YOU WILL RECEIVE WILL BE DETERMINED ONLY AFTER A SETTLEMENT BECOMES FINAL AND UNAPPEALABLE.**

11.    In order to object to the settlement, you must mail a written objection to the Clerk of the Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, with a copy mailed to Florian Kordas, Hochfelder & Weber, P.C. , 10 South Riverside Plaza, Suite 1500, Chicago, IL 60606-3802, both postmarked on or before _____, 2005. In order for a written objection to be considered, it must identify and be signed by the objecting Class Member; it must set out that it is an objection to the amount calculated as due the Class Member and the specific reasons for the objection. If you are claiming that you worked for Stampede for more months than the number allocated you in paragraph 10 above, you need to state the months you worked for Stampede. Any objection to your payment that is not made in accordance with the foregoing requirements shall be deemed to have been waived. Upon filing an objection, you will receive copies of the documents on which class counsel relied in making their determination of your payment. If your objection cannot be resolved by informal means, you will be notified of a hearing on your objection, to be heard by the Claims Administrator Florian Kordas. The hearing will take place on _____, 2005 at _____ .m., or such other time as the Claims Administrator may decide. In the event of any such hearing, the total amount due each Class Member as set forth in this Notice shall be admissible as evidence and be deemed

4

prima facie correct and the objecting Class Member shall have the burden of proof and be required to prove by clear and convincing evidence the amount he or she claims is due. At the request of counsel for Stampede, the objecting Class Member shall appear in person at his or her hearing and shall bring all documents that he or she claims support the claim. The decision of the Claims Administrator will be final, except that they may be raised before the Court prior to or at the Final Hearing set for _____, 2006 at _ _:_ _ _m. pursuant to paragraph 2 of this Notice.

12.     As part of the Settlement Agreement, class members will be releasing any and all claims against Defendants for the time period July 3, 1999 through June 30, 2005 that meet all of the following criteria: 1) were the subject matter of the Lawsuit; 2) exist as of the date of the Settlement Agreement; 3) the class representatives also release their FLSA claims; and 4) all class members who receive distributions in this lawsuit agree that all such distributions will be a credit and offset in any future FLSA litigation filed by them against the defendants for the same time period involved in this case. Also as part of the Settlement Agreement, Stampede has agreed not to retaliate in any way or to take any adverse action against any Class Member by reason of the bringing or prosecution of the Lawsuit or of the making or enforcement of the Settlement Agreement.

13.     No individual class member will be called upon to pay any attorneys' fees or costs out of pocket, but attorneys' fees and costs will be paid out of the Settlement Fund as approved by the Court. Stampede agrees to separately pay all further fees, costs and expenses approved by the Court pursuant to the terms of the Settlement Agreement. No fees, costs or expenses will be allowed or paid without a prior determination of the Court that the awarded fees, and costs, and expenses are reasonable. Plaintiffs' counsel intends to file a petition seeking a fee of one-third of the amount to be paid by Stampede to the plaintiffs and class members in this case, which is estimated to be $301,000.00 and costs and expenses of $4,000.00 . Detailed statements of time spent on this case, and costs and expenses incurred, by the attorneys seeking fees will be filed with the Court and available for inspection.

14.     If you wish to object to the proposed settlement, or to any part of the settlement, or to any of the requests for attorneys' fees, costs or expenses, you must file an objection with the Court, in writing, no later than _____, 2005 in order to have the Court consider the objection. You must include the case caption appearing on the first page of this notice on any objection that you might file and serve. You may appear at the settlement hearing and address the Court on your objection, but it is not a requirement to do so in order to present your written objection. If you wish to be heard orally at the hearing, you should indicate, in your written objection, your intention to appear at the hearing. Written objections must be sent to: Clerk of the Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, with a copy mailed to Florian Kordas, Hochfelder & Weber, P.C., 10 South Riverside Plaza, Suite 1500, Chicago, IL 60606-3802. If the Court should approve the settlement at the Settlement Hearing, class members who object to it may file an appeal with the Seventh Circuit Court of Appeals within the time allotted by the applicable rules of the Court.

15.    If you wish to examine any documents filed with the Court, you may visit the Office of the Clerk, during business hours, 8:30 a.m. – 4:30 p.m., Dirksen Federal Building, 219 South Dearborn Street, 20th Floor, Chicago, Illinois. A copy of the Settlement Agreement may be obtained from class counsel at the cost of $15.00 to cover copying, handling and mailing costs.

16.    If you have any questions for class counsel, you may write to Jac A. Cotiguala at the law office of Jac A. Cotiguala & Associates, 431 South Dearborn Street, Suite 606, Chicago, Illinois 60605 or Alejandro Caffarelli or Marc Siegel at Caffarelli & Siegel, Two Prudential Plaza, 180 N. Stetson, Suite 3150, Chicago, IL 60601, or you may telephone Luanne M. Galovich at (312) 939-2100 or Alejandro Caffarelli or Marc Siegel at (312) 540-1230, between 9:00 a.m. and 5:00 p.m., Monday through Friday. Other than to obtain information about inspecting the court file in this case, please do not contact the court or clerk's office for information about the proposed settlement.

17.    All Defendants have denied and continue to deny all of the substantive allegations of plaintiffs' complaint and amended complaints in the Lawsuit and have raised defenses to plaintiffs' claims.

By Order of the Court, Honorable Maria G. Valdez, Magistrate Judge Presiding

On_____ (as to form)
        (Date of Entry Order)

6

Case: 1:02-cv-05452 Document #: 61 Filed: 11/17/05 Page 40 of 50 PageID #:298

## ESCROW AGREEMENT

RE:    <u>Sanchez, et al., v. Stampede Meat, Inc., et al.,</u> No. 02 C 5452,
Settlement Fund

This Escrow Agreement is entered into on *November 14,* 2005, by and among the

settling parties in the above captioned matter, named plaintiffs Alejandra Sanchez, Alejandra

Vazquez and Virgilio Velez, and the Class on the one hand, and defendants STAMPEDE MEAT,

INC., and Edward Ligas (collectively referenced herein as "STAMPEDE"), on the other hand, and

with the accounting firm of Hochfelder & Weber, P.C., as Escrowee.

The Escrowee shall deal with and dispose of the following property and any other

property at any time held by it hereunder pursuant to the following terms and conditions:

1. STAMPEDE shall deposit the principal balance of $920,000.00 into escrow pursuant

to the following installment payments:

| 1. | On November 22, 2005 | $230,000.00 |
|----|----------------------|-------------|
| 2. | On December 20, 2005 | $178,250.00 |
| 3. | On January 17, 2006  | $176,812.50 |
| 4. | On February 14, 2006 | $175,375.00 |
| 5. | On March 14, 2006    | $173,937.50 |

The Escrowee shall immediately deposit, invest and reinvest the principal and income of

the amount deposited in escrow solely in marketable securities of the United States Treasury

maturing no less than 89 days and no more than 180 days after purchase; provided, however, that

for purposes of making distributions pursuant to orders of the United States District Court for the

Northern District of Illinois, Eastern Division (referenced herein as the "Court"), sufficient funds

to make such distributions may, a reasonable time in advance of such distributions, be deposited in

or transferred to an interest-bearing demand deposit account with a commercial bank in Chicago,



EXHIBIT

C

Illinois. In determining the timing of transfers of funds to a demand deposit account, the Escrowee may consider the potential need for buying and selling Treasury securities in the secondary market, the transaction costs (including the bid/ask spread) on purchases and sales of Treasury securities in the secondary market, any differences in the then-current rate of interest between Treasury securities and the demand deposit account, and other factors relating to the reasonableness of the timing of any deposits or transfers to the demand deposit account; but the Escrowee may not consider nor speculate upon its opinion about the likelihood of any future changes in interest rates. No escrowed funds may be invested in any derivative instrument, whether or not the underlying basis of such instrument is Treasury securities, nor may any investment be made on any leveraged basis.

2. The escrowed funds shall be held as a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code, as amended, and the regulations thereunder and under a Taxpayer Identification Number to be obtained by the Escrowee.

3. The Property subject hereto shall be paid, assigned, transferred, conveyed, disbursed or delivered only pursuant to and in conformity with orders of the Court in the above-captioned matter, directing such payment, assignment, transfer, conveyance, disbursement or delivery. The Escrowee shall promptly comply with any such Court Order, and shall make payment within three (3) business days of notice of such order, unless the order specifically sets forth an alternate disbursement date. The Escrowee, by its agent or agents, shall be the sole signatory of all checks of the funds deposited, invested, reinvested and disbursed. The Escrowee will promptly deposit and collect any checks or other collection items due the escrow.

2

4.  The duties and responsibilities of the Escrowee include those expressly set forth in these escrow instructions, and as imposed by law.

5.  The Escrowee shall timely prepare and file all tax returns required by law to be filed and shall provide copies of such tax returns to counsel for the plaintiffs and counsel for STAMPEDE. The Escrowee shall timely pay, from the escrowed funds, any taxes due upon any income earned on the escrowed funds. The Escrowee shall personally pay from its own funds any penalties and/or interest due for any failure to file in a proper manner any tax returns or to pay any taxes due.

6.  The Escrowee shall, at all times during the term of this Escrow Agreement maintain a bond or other form of insurance warranting, guaranteeing and assuring the Escrowee's faithful performance of its duties hereunder and the safety of the escrowed funds, said bond or other form of insurance to be in a form and in an amount and with an insurance company satisfactory to the plaintiffs and to STAMPEDE. The failure of the Escrowee to maintain such a bond or other form of insurance shall, without limitation on any other rights of any party, be grounds for the immediate termination of the escrow by plaintiffs or by STAMPEDE and the appropriate recovery of all escrowed funds. The cost of such bond or other form of insurance shall be paid by STAMPEDE.

7.  The Escrowee shall charge STAMPEDE for its services and shall look solely to STAMPEDE for such payment. In no event shall the Escrowee claim any lien upon any part of the Settlement Fund, nor shall any failure of STAMPEDE to pay any of the Escrowee's charges excuse the performance of the Escrowee of any of its obligations hereunder.

3

Nov 10 2005 11:25AM   HP LASERJET 3330

8. The Escrowee shall send periodic statements of account, issued at least on a quarterly basis, without any additional fee or cost, to the following persons: Jac A. Cotiguala, 431 South Dearborn Street, Suite 606, Chicago, Illinois, 60605, and to Michael Barry, Gardner Carton & Douglas, 321 North Clark Street, Suite 3400, Chicago, Illinois 60610, and to any successor appointed by the respective parties, as confirmed by a Certified Order of Court.

9. The Escrowee hereby submits itself to the jurisdiction of the above-captioned Court for the purposes of effectuating the terms of this Escrow Agreement.

STAMPEDE MEAT, INC.,
and Edward Ligas

By: _____
One of the attorneys for
Defendants

Alejandra Sanchez, Alejandra Vazquez
Virgilio Velez and all Class Members

By: _____
One of the attorneys for
Plaintiffs and the Class

Hochfelder & Weber P.C.

By: _____
One of its Principals

4

this Settlement Agreement; 6) a deadline that the filing of any objection by a Class Member to his or her payment, as described in paragraphs 5 and 8 of this Settlement Agreement, be made within fifty-two days after the entry of the Preliminary Approval Order; 7) a deadline that reply memoranda in support of the Settlement Agreement or in support of petitions for attorneys' fees, or costs and expenses be filed within ninety-eight days after the entry of the Preliminary Approval Order; 8) the setting of a hearing on final approval of the Settlement Agreement and for determination of attorneys' fees, and costs and expenses to be held no less than one hundred twelve days and no more than one hundred nineteen days after the entry of the Preliminary Approval Order; and 9) the setting of a hearing by the Claims Administrator on individual objections to Class Member payment, as described in paragraphs 5 and 8(d) of this Settlement Agreement, to be held no less than eighty-four days and no more than ninety-one days after the entry of the Preliminary Approval Order.

3.      Subject to approval by the Court, the parties agree to appoint Hochfelder & Weber, P.C.(referenced herein as the "Claims Administrator") for the purpose of performing all acts required herein of the Claims Administrator. Prior to the appointment of any person or entity as Claims Administrator, said person or entity must agree in writing to perform all acts required herein of the Claims Administrator and to subject himself, herself or itself to the jurisdiction of the Court for purposes of enforcement of this Settlement Agreement and of the agreement to perform the acts required by this Settlement Agreement.

4.      STAMPEDE shall pay $920,000 principal to the Claims Administrator, as Escrowee, under a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code, as amended, and the regulations thereunder and under a Taxpayer Identification Number to be obtained by the Claims Administrator. STAMPEDE shall pay 10% annual interest on any unpaid principal. STAMPEDE shall make the following payments (which include principal and

4



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALEJANDRA SANCHEZ, individually,      )
ALEJANDRA VAZQUEZ individually        )
and VIRGILIO VELEZ individually,      )
and on behalf of a class of employees          )
similarly situated and ALEJANDRA      )
SANCHEZ, ALEJANDRA VAZQUEZ,           )
and VIRGILIO VELEZ all individually   )
as to Count III and IV,               )      Judge Nordberg
                        Plaintiffs,   )      Magistrate Judge Valdez
                                      )
            v.                        )      Case No.  02 C 5452
                                      )
STAMPEDE MEAT, INC.                   )
An Illinois corporation, and          )
EDWARD LIGAS, individually            )
                                      )
            Defendants.               )

## FINAL ORDER

This matter coming before the Court on Plaintiffs' Motion For Final Approval Of Class

Action Settlement Agreement; Plaintiffs' Motion For Approval Of Class List; and Class

Counsel's Petition For Award of Attorneys' Fees And Reimbursement Of Costs And Expenses,

the Court finding that due notice has been given and that class members have been given a full

and fair opportunity to make any objections to any of the relief sought therein, and the Court

having reviewed the pending motions and petitions and all objections and submissions with

respect thereto, and the Court having held a hearing in open Court upon said motions and

petitions and the class members having been given notice thereof and an opportunity to object

thereto, and the Court otherwise having been fully advised in the premises, it is hereby ordered,

adjudged and decreed:



EXHIBIT
D

1.     The Court finds that the Notice of Pendency of Class Action, Class Certification of the State Law Count, Of Class Action Settlement Agreement, And Hearing Thereon in a form previously approved by this Court, was duly disseminated, by first class mail, by Florian Kordas of Hochfelder & Weber, P.C., acting as the Claims Administrator in this case (and referenced herein as the "Claims Administrator") to the persons on the class list as provided by defendant Stampede Meat, Inc. (referenced herein as "STAMPEDE") and fully and accurately informed said persons of all material elements of the parties' Settlement Agreement (attached as Exhibit 1 to this Court's prior Order and referenced herein as the "Settlement Agreement") and of the petitions for attorneys' fees, and such notice constituted the best notice practicable under the circumstances, and such notice constituted valid, due and sufficient notice and complied fully with the Federal Rules of Civil Procedure and the United States Constitution.

2.     The Court finds that, after proper notice to the class and sufficient opportunity to object to the Settlement Agreement, that any and all timely objections to the Settlement Agreement have been considered and denied.

3.     The Court finds that the Settlement Agreement is fair, adequate and reasonable, and is in the best interests of the class certified in this case, and is hereby approved, and the motion for final approval of the Settlement Agreement is granted.

4.     The Settlement Agreement (attached to this Court's prior Order as Exhibit 1) is hereby entered as an order of the Court, and the parties are hereby ordered to make performance as required under the terms of the Settlement Agreement.

5.     The Court finds that the following persons have duly opted out of the class, and that such persons are not members of the class and are not subject to this order or to the terms of the Settlement Agreement:_____

6.      The Court has reviewed the Complaint and settlement documents and determined the payments made under the Settlement Agreement to the class representatives and the modified class are sufficient to extinguish any claims that the class may have under the Fair Labor Standards Act, 29 U.S.C. 200, against defendants and against defendants and that the modified class members may have against defendants under the Illinois Wage Payment and Collection Act, 820 ILCS, *et. seq.* and the Illinois Minimyum Wage Act, 820 ILCS 105/1, *et. seq.*

7.      The Modified Credited Class List submitted to this Court by the Claims Administrator with the pleading entitled "1st Amendment To Modified Class List" is hereby approved.

8.      The Claims Administrator shall pay $302,265.88 from the Settlement Fund, plus the portion of the interest earned by the Settlement Fund that the Claims Administrator has determined is fairly allocable thereto as of the date of such payment, as attorneys' fees for all Class Counsel and for reimbursement of costs and expenses incurred, which the Court finds to be a fair and reasonable amount for attorneys' fees, costs and expenses for the services provided and the expenses incurred in the prosecution of this case on behalf of the named plaintiffs and the class by the following attorneys and law firms: Jac A. Cotiguala and Luanne M. Galovich of Jac A. Cotiguala & Associates and Alejandro Caffarelli and Marc Siegel of Caffarelli & Siegel; and additional attorneys working on this case on behalf of the plaintiffs and the Class with the above-named attorneys. The award set out in this paragraph is an award of attorneys' fees, costs and expenses and of interest thereon to the aforesaid attorneys, and no Class Member shall have any right to receive any distribution of any part of the foregoing award. Jac A. Cotiguala & Associates., shall receive expenses of $3,764.82 and attorneys' fees of $149,183.53 plus interest and Caffarelli & Siegel shall receive expenses of $134.00 and attorneys' fees of $149,183.53

plus interest.

9.     The Claims Administrator shall disburse the Available Funds to the members of the class in accordance with the terms of the Settlement Agreement.

10.     Subject to the reservation of jurisdiction over this case for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement; (b) conducting hearings and making determinations on any additional applications by class counsel for additional awards of attorneys' fees, costs and expenses out of the Settlement Fund; (d) supervising the administration and distribution of the settlement proceeds in this case; and, (e) resolving any disputes that may arise with respect to any of the foregoing, and the Court retaining jurisdiction for the foregoing purposes, the above-captioned case is dismissed with prejudice pursuant to the Settlement Agreement.

11.     The Court finds that there is no just reason to delay the enforcement or the appeal of this order, and the Court finds that this order is a final judgment.

DATED:_____          ENTER: _____
                                            Honorable Maria G. Valdez
                                            Magistrate Judge Presiding

Jac A. Cotiguala
One of the attorneys for plaintiffs
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
Telephone: (312) 939-2100

## CERTIFICATE OF SERVICE

To:   Michael E. Barry
Alan S. King
Terry M. Hackett
Wendy L. Seltzer
GARDNER CARTON & DOUGLAS, LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606

I, Jac A. Cotiguala, an attorney, hereby certify that a true and correct copy of the within and foregoing pleading was served by first class mail, with proper postage fully pre-paid, on November 17, 2005, at or before 5:00 p.m. from the U.S. Postal depository at 431 South Dearborn Street, Chicago, Illinois, 60605, upon the above named attorneys of record at the above listed address.

Jac A. Cotiguala