

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRA SANCHEZ, individually, ALEJANDRA VAZQUEZ individually and VIRGILIO VELEZ individually, and on behalf of a class of employees similarly situated and ALEJANDRA SANCHEZ, ALEJANDRA VAZQUEZ, and VIRGILIO VELEZ all individually as to Count III and IV, <br> Plaintiffs, <br><br> v. <br><br> STAMPEDE MEAT, INC. An Illinois corporation, and EDWARD LIGAS, individually <br><br> Defendants. | Judge Nordberg <br> Magistrate Judge Valdez <br><br> Case No. 02 C 5452 |

## FINAL ORDER

This matter coming before the Court on Plaintiffs' Motion For Final Approval Of Class Action Settlement Agreement; Plaintiffs' Motion For Approval Of Class List; and Class Counsel's Petition For Award of Attorneys' Fees And Reimbursement Of Costs And Expenses, the Court finding that due notice has been given and that class members have been given a full and fair opportunity to make any objections to any of the relief sought therein, and the Court having reviewed the pending motions and petitions and all objections and submissions with respect thereto, and the Court having held a hearing in open Court upon said motions and petitions and the class members having been given notice thereof and an opportunity to object thereto, and the Court otherwise having been fully advised in the premises, it is hereby ordered, adjudged and decreed:

1

1. The Court finds that the Notice of Pendency of Class Action, Class Certification of the State Law Count, Of Class Action Settlement Agreement, And Hearing Thereon in a form previously approved by this Court, was duly disseminated, by first class mail, by Florian Kordas of Hochfelder & Weber, P.C., acting as the Claims Administrator in this case (and referenced herein as the "Claims Administrator") to the persons on the class list as provided by defendant Stampede Meat, Inc. (referenced herein as "STAMPEDE") and fully and accurately informed said persons of all material elements of the parties' Settlement Agreement (attached as Exhibit 1 to this Court's prior Order and referenced herein as the "Settlement Agreement") and of the petitions for attorneys' fees, and such notice constituted the best notice practicable under the circumstances, and such notice constituted valid, due and sufficient notice and complied fully with the Federal Rules of Civil Procedure and the United States Constitution.

2. The Court finds that, after proper notice to the class and sufficient opportunity to object to the Settlement Agreement, that any and all timely objections to the Settlement Agreement have been considered and denied.

3. The Court finds that the Settlement Agreement is fair, adequate and reasonable, and is in the best interests of the class certified in this case, and is hereby approved, and the motion for final approval of the Settlement Agreement is granted.

4. The Settlement Agreement (attached to this Court's prior Order as Exhibit 1) is hereby entered as an order of the Court, and the parties are hereby ordered to make performance as required under the terms of the Settlement Agreement.

5. The Court finds that the following persons have duly opted out of the class, and that such persons are not members of the class and are not subject to this order or to the terms of the Settlement Agreement: none.

6. The Court has reviewed the Complaint and settlement documents and determined the payments made under the Settlement Agreement to the class representatives and the modified class are sufficient to extinguish any claims that the class may have under the Fair Labor Standards Act, 29 U.S.C. 200, against defendants and against defendants and that the modified class members may have against defendants under the Illinois Wage Payment and Collection Act, 820 ILCS, et. seq. and the Illinois Minimyum Wage Act, 820 ILCS 105/1, et. seq.

7. The Modified Credited Class List submitted to this Court by the Claims Administrator with the pleading entitled "1st Amendment To Modified Class List" is hereby approved.

8. The Claims Administrator shall pay $302,265.88 from the Settlement Fund, plus the portion of the interest earned by the Settlement Fund that the Claims Administrator has determined is fairly allocable thereto as of the date of such payment, as attorneys' fees for all Class Counsel and for reimbursement of costs and expenses incurred, which the Court finds to be a fair and reasonable amount for attorneys' fees, costs and expenses for the services provided and the expenses incurred in the prosecution of this case on behalf of the named plaintiffs and the class by the following attorneys and law firms: Jac A. Cotiguala and Luanne M. Galovich of Jac A. Cotiguala & Associates and Alejandro Caffarelli and Marc Siegel of Caffarelli & Siegel; and additional attorneys working on this case on behalf of the plaintiffs and the Class with the above-named attorneys. The award set out in this paragraph is an award of attorneys' fees, costs and expenses and of interest thereon to the aforesaid attorneys, and no Class Member shall have any right to receive any distribution of any part of the foregoing award. Jac A. Cotiguala & Associates., shall receive expenses of $3,764.82 and attorneys' fees of $149,183.53 plus interest [handwritten: total $3,898.82    $298,367.06] and Caffarelli & Siegel shall receive expenses of $134.00 and attorneys' fees of $149,183.53 plus

3

~~interest~~ for a total award of $302,265.88.

9. The Claims Administrator shall disburse the Available Funds to the members of the class in accordance with the terms of the Settlement Agreement.

10. Subject to the reservation of jurisdiction over this case for the purposes of: (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement; (b) conducting hearings and making determinations on any additional applications by class counsel for additional awards of attorneys' fees, costs and expenses out of the Settlement Fund; (d) supervising the administration and distribution of the settlement proceeds in this case; and, (e) resolving any disputes that may arise with respect to any of the foregoing, and the Court retaining jurisdiction for the foregoing purposes, the above-captioned case is dismissed with prejudice pursuant to the Settlement Agreement.

11. The Court finds that there is no just reason to delay the enforcement or the appeal of this order, and the Court finds that this order is a final judgment.

DATED: **APR 0 4 2006**

ENTER: _____
Honorable Maria G. Valdez
Magistrate Judge Presiding

Jac A. Cotiguala
One of the attorneys for plaintiffs
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
Telephone: (312) 939-2100

4